**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
KBL CORP.,

                              Plaintiff,

              -against-                      **VERIFIED COMPLAINT**

ROBERT A. ARNOUTS, ARNOUTS ASSOCIATES     Civil Index No. 08-CV-4873
ARCHITECTS, INC.,                                       (JGK)

                              Defendants.
------------------------------------------------------------------X

Upon the Affidavit of Kevin B. Lund, Plaintiff, by its attorney, Todd Wengrovsky, respectfully sets forth and alleges:

# I.
# JURISDICTION

1. This is an action for inducement to infringe registered copyrights, and for indemnification and/or contribution under New York common law. The Court has jurisdiction over the claims under 28 USCS 1331(a) and 1338(a), 28 USCS 1338(b), and the doctrine of pendent jurisdiction. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00, and the controversy is between a party domiciled in the State of New York and parties currently domiciled in the State of Maryland.

## II.
## PERSONAL JURISDICTION

2. Defendants are subject to the personal jurisdiction of this Court because they have solicited and/or transacted business in this district on a systematic and regular basis, because the acts complained of herein occurred within this district, and because the Defendants' conduct has caused injury to Plaintiff within this district.

## III.
## VENUE

3. Venue is vested in this Court pursuant to 28 USCS 1391 and 1400 in that the claims asserted here arose within this district, that Plaintiff resides within this district, and that Defendants have conducted business in this district.

## IV.
## THE PARTIES

4. At all relevant times, Plaintiff KBL CORP. is and was a New York Corporation with its principal place of business at 1821 Route 376, Poughkeepsie, New York 12603.

5. Defendant Robert A. Arnouts is an individual and, upon information and belief, is an architect licensed in the states of New York, New Jersey, Connecticut, and Maryland, who currently resides at 28009 Waverly Road, Easton, Maryland 21601. Robert Arnouts was a resident of Poughkeepsie, New York and operated a studio at 87 Cannon Street, Poughkeepsie, New York, 12601 during all relevant times complained of herein, including at least from 2002 through 2005.

6. Upon information and belief, Defendant Arnouts Associates Architects, Inc. is a New York corporation with its current principal place of business in Easton, Maryland.

7. Upon information and belief, Defendant Robert A. Arnouts was and is the principal, controlling owner, and operator of Defendant Arnouts Associates Architects, Inc. As such, Defendant Robert A. Arnouts has a financial interest in the affairs and activities of Defendant Arnouts Associates Architects, Inc. and controls the affairs and activities of the Defendant Arnouts Associates Architects, Inc.

## V.
## BACKGROUND AND FACTS

8. Plaintiff KBL CORP. is a respected and experienced residential home builder in the Poughkeepsie, New York area.

9. In the course of its business, Plaintiff KBL engages licensed architects to provide services relating to home designs and approval of proposed home plans. Such is done in furtherance of complying with local laws and regulations as a precondition to receiving a Certificate of Occupancy for each home constructed.

10. Defendants are New York-licensed architects specializing in home designs and home plans, and holding themselves out as highly-skilled and highly-experienced experts in their field.

11. Specifically, Defendants are in the business of designing, drafting and modifying home plans, as well as marketing, advertising, and selling home plan designs through traditional print and Internet media.

12. Plaintiff KBL Corp. engaged Defendants for architectural services prior to 2002, and Defendants provided services to Plaintiff until 2005.

13. It is common for prospective homeowners to approach residential home builders such as Plaintiff KBL Corp. with proposed plans from which to build homes.

14. During the period of 2002 through 2005, some prospective KBL clients provided Plaintiff KBL Corp. with proposed home plans which did not bear any indication of their original source.

15. Other plans provided to Plaintiff KBL Corp. by prospective clients during the period of 2002 through 2005 indicated that the plans were created by from a popular national licensor of home designs, Frank Betz Associates, Inc. of Atlanta, Georgia.

16. Per the parties' ordinary course of business, KBL Corp. gave all such plans to Defendants for Robert Arnouts' review, his modifications in furtherance of compliance with local regulations, and ultimately, Robert Arnouts' stamp of approval.

17. To provide a representative example of the course of dealing, KBL Corp. contracted Defendants to produce construction drawings from a photocopy received by KBL Corp. from Weichert Realtors, the broker contracted to solicit customers on behalf of the seller of the homes. Weichert Realtors had received the photocopy from prospective purchasers of "Lot 7" of Plaintiff KBL Corp.'s "Boardman Estates" subdivision.  Upon information and belief, this original photocopy was of the Frank Betz Associates "Charlemagne" design.

18. Upon providing the papers to Robert Arnouts, KBL Corp. and its owner were upfront and straightforward with Defendant Robert Arnouts regarding the possible need to obtain a license from Frank Betz Associates for usage of the "Charlemagne" design. KBL Corp.'s owner even went to the extent of inquiring as to whether Defendant Robert Arnouts' version of "AutoCAD" computer software was compatible with that of Frank Betz Associates.

19. However, Plaintiff KBL Corp. was expressly told by Defendant Robert Arnouts that, because the finished plans would be sufficiently different than any versions given to KBL Corp. by the prospective homeowner, there was no need to purchase any licenses from Frank Betz Associates.

20. Defendants proceeded to make modifications to the relevant design drawings, including drawings that included markings indicating that the designs were the property of Frank Betz Associates.

21. In fact, not only did Defendant Robert Arnouts represent to KBL Corp. that KBL Corp. need not purchase any licenses from Frank Betz Associates, upon information and belief, Defendant Robert Arnouts filed his own copyright applications for the modified designs. Robert Arnouts specifically represented to KBL Corp. that Arnouts' copyright filings provided additional basis for his conclusion that purchasing licenses from Frank Betz Associates was unnecessary.

22. Defendant Arnouts accordingly advised KBL Corp. to use the modified plans, and stamped all such plans with his official seal of approval.

23. Reasonably relying on Defendants' expertise and advice, Plaintiff KBL Corp. proceeded to construct multiple homes from the Arnouts-stamped drawings.

24. Importantly, KBL Corp. paid significant fees to Robert Arnouts for his services, resulting in costs nearly ten times higher than the standard fees to purchase the relevant licenses from Frank Betz Associates. As such, there was clearly no financial gain to be realized by KBL Corp. from its failure to purchase licenses from Frank Betz Associates, but rather extra costs to KBL Corp., confirming that KBL Corp. had no intent to infringe any copyrights.

25. However, on February 17, 2006, Frank Betz Associates, Inc. filed a copyright infringement action against Plaintiff KBL Corp. and its individual owner in the United States District Court for the Southern District of New York, Index Number 06-CV-1280.

26. Upon information and belief, Frank Betz Associates also accused current Robert Defendant Arnouts and his business of copyright infringement at such time, but settled with such parties prior to commencing action 06-CV-1280 against KBL Corp.

27. KBL Corp. was forced to take on an expensive defense to the lawsuit, incurring significant legal fees and other damages to its business.

28. Ultimately, to avoid continued litigation and the significant costs related thereto, KBL Corp. agreed to participate in a Settlement Conference before the Court, which resulted in settlement of action 06-CV-1280. The settlement was based on payment from KBL Corp. to Frank Betz Associates in the amount of $85,000.00. Due to the effects of the litigation, KBL was unable to remit the full required settlement payments, resulting in a judgment against it in the increased amount of $100,000.00, which was since been paid in full by KBL.

29. However, following dismissal of action 06-CV-1280, Frank Betz Associates subsequently claimed that KBL Corp. had previously constructed additional homes that Frank Betz Associates contended were infringements of its other copyrights.

30. As such, Frank Betz Associates commenced a second action, United States District Court for the Southern District of New York, Index Number 07-CV-554 against KBL Corp. on January 24, 2007.

31. The home designs relative to second copyright infringement action against KBL Corp. were also approved by Robert Arnouts in the same manner as those relative to the first copyright infringement action.

32. Due to the filing of the second action against KBL Corp. and its individual owner, KBL Corp. was once again forced to incur significant legal fees in its defense. Although KBL Corp. had partial insurance coverage relative to the claims of the second action, KBL's insurance carrier specifically recommended that KBL Corp. keep its own counsel to act as co-counsel with the insurance carrier's assigned attorneys, so as to advise KBL Corp. regarding potential liability in

the event that coverage was disclaimed or the sum awarded exceeded available insurance coverage.

33. Due to breach of his prior settlement agreement with Frank Betz Associates, Inc., Robert Arnouts and his business were added to second copyright infringement action as co-defendants.

34. In an effort to once again avoid continued litigation and the significant costs and detriments related thereto, KBL Corp. agreed to a settlement of action 07-CV-554 with Frank Betz Associates, Inc. based on payment to Frank Betz Associates from KBL's insurance carrier. Content with same, Frank Betz Associates, Inc. agreed to dismissal of the entire second action. As a result, Robert Arnouts and his business, upon information and belief, paid nothing to Frank Betz Associates and nothing to KBL Corp. despite being the party who deliberately encouraged KBL Corp. to use the copyrighted designs.

35. In sum, KBL Corp. put its trust in, and relied upon the advice of a licensed New York State architect, who is fully familiar with copyrights due to the very nature of his specialized education and his many years of experience in the field. In fact, because Robert Arnouts was adept and knowledgeable enough to file his own copyrights, he was certainly aware that his advice to KBL Corp. was improper. Robert Arnouts, as a licensed architect, should have known better than to advise KBL Corp. to use the copyrighted plans, and in fact did know better.

36. Due to Defendant Arnouts' acts and omissions, KBL Corp. was forced to pay significant legal fees relative to the first copyright infringement action.

37. Likewise, due to Defendant Arnouts' acts and omissions, KBL Corp. was forced to pay significant legal fees relative to the second copyright infringement action.

38. In addition, the multiple lawsuits were a severe disruption to KBL's business, including lost time spent by KBL in focusing on its defense, discovery, and required appearances.

39. More importantly, Defendant Arnouts' improper behavior damaged Plaintiff KBL Corp.'s business in many other ways.

40. For example, because KBL Corp. is a residential home builder, KBL was adversely affected by the appearance of the litigation and judgment on routine title reports, title searches, Internet searches, and other documents. Such severely frustrated KBL's efforts to sell homes, as KBL Corp. was unable to close on partially constructed homes that were built from the plans at issue.

41. Furthermore, due to the foregoing, KBL's construction loans had to be extended pending the resolution of the litigation, causing KBL to bear significant additional interest payments and other related fees.

42. Similarly, KBL needed additional mortgages together with additional interest payments, bank fees, inception costs, closing costs, and other expenses.

43. Moreover, the litigation and its results caused prospective homeowners to become uncomfortable with KBL Corp., resulting in immediate lost sales to KBL.

44. Because the delay to sell the remaining homes of the subdivision in question came at a juncture when the real estate market went down drastically, KBL lost significant profits.

45. In addition, Robert Arnouts put the relevant homeowners at risk of becoming Defendants in copyright infringement actions, which damages KBL's relationships with its existing homeowner clients.

46. KBL also incurred lost home sales due to damage to KBL Corp.'s relationship with realtors, again due to the presence of the litigation.

47. KBL's relationships with its suppliers of materials was also damaged as a result of the litigation, as was KBL's relationships with its subcontractors who became aware of the multiple lawsuits and feared being named as additional defendants.

48. All of the above damages incurred by KBL Corp. would have been avoided by Defendant Robert Arnouts simply acting in the manner dictated by his license and obligations, thus the damages incurred by KBL Corp. are the fault of Defendant Robert Arnouts.

49. Accordingly, Plaintiff seeks an award in the form of: (1) all actual and consequential damages sustained by Plaintiff; (2) all legal fees; and (3) all litigation costs.

## AS AND FOR A FIRST CAUSE OF ACTION – INDUCEMENT TO INFRINGE

50. Plaintiff repeats and reiterates each and every allegation of paragraphs 1 through 49 set out supra, with the same force and effect as if fully set forth therein.

51. Plaintiff KBL Corp. incurred significant costs, expenses, legal fees, and damages relative to copyright infringement actions brought against it by Frank Betz Associates, Inc.

52. Such costs, expenses, legal fees, and damages were sustained by Plaintiff KBL Corp. due to the actions and omissions of Defendants herein.

53. Defendants, upon information and belief, with knowledge of the alleged infringing activity, or reason to know same, induced, caused, or materially contributed to the alleged infringing conduct of KBL Corp.

54. As such, Defendants are liable to KBL Corp. for the full amount of the costs, expenses, legal fees, and other damages incurred by KBL Corp.

## AS AND FOR A SECOND CAUSE OF ACTION - INDEMNIFICATION

55. Plaintiff repeats and reiterates each and every allegation of paragraphs 1 through 54 set out supra, with the same force and effect as if fully set forth therein.

56. Plaintiff KBL Corp. incurred significant costs, expenses, legal fees, and damages relative to copyright infringement actions brought against it by Frank Betz Associates, Inc.

57. Such costs, expenses, legal fees, and damages were sustained by Plaintiff KBL Corp. due to the fault of Defendants herein.

58. KBL Corp. had no knowledge that any of its activities constituted infringement, and thus its actions were innocent and in reliance upon the representations of Defendants as set forth herein.

59. As such, Defendants are liable to KBL Corp. for common law indemnification for all of its relative costs, expenses, legal fees, and damages, including without limitation, judgments, Court costs and the legal fees and costs of this action.

## AS AND FOR A THIRD CAUSE OF ACTION - CONTRIBUTION

60. Plaintiff repeats and reiterates each and every allegation of paragraphs 1 through 59 set out supra, with the same force and effect as if fully set forth therein.

61. Plaintiff KBL Corp. incurred significant costs, expenses, legal fees, and damages relative to copyright infringement actions brought against it by Frank Betz Associates, Inc.

62. Such costs, expenses, legal fees, and damages were sustained by Plaintiff KBL Corp. due to the actions and omissions of Defendants as set forth herein.

63. As such, Defendants are liable to KBL Corp. for common law contribution for at least its proportionate share of all expenses, costs, legal fees, and damages incurred by KBL Corp. in connection with its litigation against Frank Betz Associates, Inc.

**WHEREFORE**, Plaintiff requests that:

A. It be adjudged that Defendants have induced Plaintiff to infringe registered copyrights of another party;

B. That the Court award Plaintiff damages against Defendants in an amount adequate to compensate Plaintiff on its first cause of action;

C. That the Court award Plaintiff damages against Defendants in an amount adequate to compensate Plaintiff on its second cause of action;

D. That the Court award Plaintiff damages against Defendants in an amount adequate to compensate Plaintiff on its third cause of action;

E. That the Court award Plaintiff its costs and disbursements of this action;

F. That the Court increase the amount of damages found or assessed for Defendants' improper conduct, and award reasonable attorneys fees;

G. That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

H. That the Court award Plaintiff such other and further relief as the Court deems just, proper and equitable.

Dated: Calverton, New York.
       April 30, 2008

                                                 /s/ Todd Wengrovsky
                                                 Todd Wengrovsky – TW4823
                                                 Law Offices of
                                                 Todd Wengrovsky, PLLC.
                                                 285 Southfield Road, Box 585
                                                 Calverton, NY 11933
                                                 Tel (631) 727-3400
                                                 *Attorney for Plaintiff*

TO:  ROBERT ARNOUTS
       28009 Waverly Road
       Easton, Maryland 21601-8127

       ARNOUTS ASSOCIATES ARCHITECTS, INC.
       28009 Waverly Road
       Easton, Maryland 21601-8127