UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KBL CORP.,

                                                    Civil Case No. 08-CV-4873-JGK

                              Plaintiff,

            -against-

ROBERT A. ARNOUTS, ARNOUTS ASSOCIATES
ARCHITECTS, INC.,

                              Defendants.
-----------------------------------------------------------------X

DECLARATION OF THOMAS M. FLEMING II IN SUPPORT OF
ROBERT A. ARNOUTS' AND ARNOUTS ASSOCIATES ARCHITECTS, INC.'S
MOTION TO DISMISS THE COMPLAINT

THOMAS M. FLEMING II, an attorney at law duly admitted to practice law before the

Courts of the State of New York and in the United States District Court for the Southern District

of New York, pursuant to 28 U.S.C. § 1746, declares the following under the penalty of perjury:

1.    I am associated with the law firm of Milber Makris Plousadis & Seiden, LLP,

attorneys for defendants Robert A. Arnouts and Arnouts Associates Architects, Inc. (collectively

referred to herein as the "Arnouts Defendants") in the above-captioned action and I am fully

familiar with the facts and circumstances surrounding this action.

2.    I submit this declaration in support of the Arnouts Defendants' motion to dismiss

plaintiff KBL Corp.'s Complaint.

3.    Attached hereto as Exhibit A is a copy of the Complaint filed by KBL Corp. in

the above-referenced action.

4.    Attached hereto as Exhibit B is a copy of the Complaint filed by Frank Betz

Associates, Inc. as against Kevin Lund and KBL Corp., bearing Civil Action Number 06-CV-

1280, dated February 15, 2006, which is referred to in KBL Corp.'s complaint that is attached as Exhibit A.

5.    Attached hereto as Exhibit C is a copy of the Amended Complaint filed by Frank Betz Associates, Inc. as against Kevin Lund, KBL Corp., Robert Arnouts and Arnouts Associates Architects and Planners, bearing Civil Action Number 07-CV-0554, filed on April 6, 2007, which is referred to in KBL Corp.'s complaint that is attached as Exhibit A.

6.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 10, 2008

MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP

Thomas M. Fleming II (TF2617)
Attorneys for Defendants
Robert A. Arnouts and Arnouts Associates
Architects, Inc.

2

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

08 CV 4873

-------------------------------------------------------------X

KBL CORP.,

                              Plaintiff,

              -against-                                      **VERIFIED
                                                            COMPLAINT**

ROBERT A. ARNOUTS, ARNOUTS ASSOCIATES
ARCHITECTS, INC.,

                              Defendants.

-------------------------------------------------------------X



Upon the Affidavit of Kevin B. Lund, Plaintiff, by its attorney, Todd Wengrovsky, respectfully

sets forth and alleges:

# I.
## JURISDICTION

1. This is an action for inducement to infringe registered copyrights, and for indemnification

and/or contribution under New York common law.  The Court has jurisdiction over the claims

under 28 USCS 1331(a) and 1338(a), 28 USCS 1338(b), and the doctrine of pendent jurisdiction.

The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00, and the

controversy is between a party domiciled in the State of New York and parties currently domiciled

in the State of Maryland.

## II.
## PERSONAL JURISDICTION

2.  Defendants are subject to the personal jurisdiction of this Court because they have solicited and/or transacted business in this district on a systematic and regular basis, because the acts complained of herein occurred within this district, and because the Defendants' conduct has caused injury to Plaintiff within this district.

## III.
## VENUE

3.  Venue is vested in this Court pursuant to 28 USCS 1391 and 1400 in that the claims asserted here arose within this district, that Plaintiff resides within this district, and that Defendants have conducted business in this district.

## IV.
## THE PARTIES

4.  At all relevant times, Plaintiff KBL CORP. is and was a New York Corporation with its principal place of business at 1821 Route 376, Poughkeepsie, New York 12603.

5.  Defendant Robert A. Arnouts is an individual and, upon information and belief, is an architect licensed in the states of New York, New Jersey, Connecticut, and Maryland, who currently resides at 28009 Waverly Road, Easton, Maryland 21601.  Robert Arnouts was a resident of Poughkeepsie, New York and operated a studio at 87 Cannon Street, Poughkeepsie, New York, 12601 during all relevant times complained of herein, including at least from 2002 through 2005.

6.  Upon information and belief, Defendant Arnouts Associates Architects, Inc. is a New York corporation with its current principal place of business in Easton, Maryland.

7. Upon information and belief, Defendant Robert A. Arnouts was and is the principal, controlling owner, and operator of Defendant Arnouts Associates Architects, Inc. As such, Defendant Robert A. Arnouts has a financial interest in the affairs and activities of Defendant Arnouts Associates Architects, Inc. and controls the affairs and activities of the Defendant Arnouts Associates Architects, Inc.

## V.
## BACKGROUND AND FACTS

8. Plaintiff KBL CORP. is a respected and experienced residential home builder in the Poughkeepsie, New York area.

9. In the course of its business, Plaintiff KBL engages licensed architects to provide services relating to home designs and approval of proposed home plans. Such is done in furtherance of complying with local laws and regulations as a precondition to receiving a Certificate of Occupancy for each home constructed.

10. Defendants are New York-licensed architects specializing in home designs and home plans, and holding themselves out as highly-skilled and highly-experienced experts in their field.

11. Specifically, Defendants are in the business of designing, drafting and modifying home plans, as well as marketing, advertising, and selling home plan designs through traditional print and Internet media.

12. Plaintiff KBL Corp. engaged Defendants for architectural services prior to 2002, and Defendants provided services to Plaintiff until 2005.

13. It is common for prospective homeowners to approach residential home builders such as Plaintiff KBL Corp. with proposed plans from which to build homes.

14. During the period of 2002 through 2005, some prospective KBL clients provided Plaintiff KBL Corp. with proposed home plans which did not bear any indication of their original source.

15. Other plans provided to Plaintiff KBL Corp. by prospective clients during the period of 2002 through 2005 indicated that the plans were created by from a popular national licensor of home designs, Frank Betz Associates, Inc. of Atlanta, Georgia.

16. Per the parties' ordinary course of business, KBL Corp. gave all such plans to Defendants for Robert Arnouts' review, his modifications in furtherance of compliance with local regulations, and ultimately, Robert Arnouts' stamp of approval.

17. To provide a representative example of the course of dealing, KBL Corp. contracted Defendants to produce construction drawings from a photocopy received by KBL Corp. from Weichert Realtors, the broker contracted to solicit customers on behalf of the seller of the homes. Weichert Realtors had received the photocopy from prospective purchasers of "Lot 7" of Plaintiff KBL Corp.'s "Boardman Estates" subdivision. Upon information and belief, this original photocopy was of the Frank Betz Associates "Charlemagne" design.

18. Upon providing the papers to Robert Arnouts, KBL Corp. and its owner were upfront and straightforward with Defendant Robert Arnouts regarding the possible need to obtain a license from Frank Betz Associates for usage of the "Charlemagne" design. KBL Corp.'s owner even went to the extent of inquiring as to whether Defendant Robert Arnouts' version of "AutoCAD" computer software was compatible with that of Frank Betz Associates.

19. However, Plaintiff KBL Corp. was expressly told by Defendant Robert Arnouts that, because the finished plans would be sufficiently different than any versions given to KBL Corp. by the prospective homeowner, there was no need to purchase any licenses from Frank Betz Associates.

20. Defendants proceeded to make modifications to the relevant design drawings, including drawings that included markings indicating that the designs were the property of Frank Betz Associates.

21. In fact, not only did Defendant Robert Arnouts represent to KBL Corp. that KBL Corp. need not purchase any licenses from Frank Betz Associates, upon information and belief, Defendant Robert Arnouts filed his own copyright applications for the modified designs. Robert Arnouts specifically represented to KBL Corp. that Arnouts' copyright filings provided additional basis for his conclusion that purchasing licenses from Frank Betz Associates was unnecessary.

22. Defendant Arnouts accordingly advised KBL Corp. to use the modified plans, and stamped all such plans with his official seal of approval.

23. Reasonably relying on Defendants' expertise and advice, Plaintiff KBL Corp. proceeded to construct multiple homes from the Arnouts-stamped drawings.

24. Importantly, KBL Corp. paid significant fees to Robert Arnouts for his services, resulting in costs nearly ten times higher than the standard fees to purchase the relevant licenses from Frank Betz Associates. As such, there was clearly no financial gain to be realized by KBL Corp. from its failure to purchase licenses from Frank Betz Associates, but rather extra costs to KBL Corp., confirming that KBL Corp. had no intent to infringe any copyrights.

25. However, on February 17, 2006, Frank Betz Associates, Inc. filed a copyright infringement action against Plaintiff KBL Corp. and its individual owner in the United States District Court for the Southern District of New York, Index Number 06-CV-1280.

26. Upon information and belief, Frank Betz Associates also accused current Robert Defendant Arnouts and his business of copyright infringement at such time, but settled with such parties prior to commencing action 06-CV-1280 against KBL Corp.

27.   KBL Corp. was forced to take on an expensive defense to the lawsuit, incurring significant legal fees and other damages to its business.

28.   Ultimately, to avoid continued litigation and the significant costs related thereto, KBL Corp. agreed to participate in a Settlement Conference before the Court, which resulted in settlement of action 06-CV-1280.  The settlement was based on payment from KBL Corp. to Frank Betz Associates in the amount of $85,000.00.  Due to the effects of the litigation, KBL was unable to remit the full required settlement payments, resulting in a judgment against it in the increased amount of $100,000.00, which was since been paid in full by KBL.

29. However, following dismissal of action 06-CV-1280, Frank Betz Associates subsequently claimed that KBL Corp. had previously constructed additional homes that Frank Betz Associates contended were infringements of its other copyrights.

30. As such, Frank Betz Associates commenced a second action, United States District Court for the Southern District of New York, Index Number 07-CV-554 against KBL Corp. on January 24, 2007.

31.   The home designs relative to second copyright infringement action against KBL Corp. were also approved by Robert Arnouts in the same manner as those relative to the first copyright infringement action.

32.   Due to the filing of the second action against KBL Corp. and its individual owner, KBL Corp. was once again forced to incur significant legal fees in its defense. Although KBL Corp. had partial insurance coverage relative to the claims of the second action, KBL's insurance carrier specifically recommended that KBL Corp. keep its own counsel to act as co-counsel with the insurance carrier's assigned attorneys, so as to advise KBL Corp. regarding potential liability in

the event that coverage was disclaimed or the sum awarded exceeded available insurance coverage.

33. Due to breach of his prior settlement agreement with Frank Betz Associates, Inc., Robert Arnouts and his business were added to second copyright infringement action as co-defendants.

34. In an effort to once again avoid continued litigation and the significant costs and detriments related thereto, KBL Corp. agreed to a settlement of action 07-CV-554 with Frank Betz Associates, Inc. based on payment to Frank Betz Associates from KBL's insurance carrier. Content with same, Frank Betz Associates, Inc. agreed to dismissal of the entire second action. As a result, Robert Arnouts and his business, upon information and belief, paid nothing to Frank Betz Associates and nothing to KBL Corp. despite being the party who deliberately encouraged KBL Corp. to use the copyrighted designs.

35. In sum, KBL Corp. put its trust in, and relied upon the advice of a licensed New York State architect, who is fully familiar with copyrights due to the very nature of his specialized education and his many years of experience in the field. In fact, because Robert Arnouts was adept and knowledgeable enough to file his own copyrights, he was certainly aware that his advice to KBL Corp. was improper. Robert Arnouts, as a licensed architect, should have known better than to advise KBL Corp. to use the copyrighted plans, and in fact did know better.

36. Due to Defendant Arnouts' acts and omissions, KBL Corp. was forced to pay significant legal fees relative to the first copyright infringement action.

37. Likewise, due to Defendant Arnouts' acts and omissions, KBL Corp. was forced to pay significant legal fees relative to the second copyright infringement action.

38. In addition, the multiple lawsuits were a severe disruption to KBL's business, including lost time spent by KBL in focusing on its defense, discovery, and required appearances.

39. More importantly, Defendant Arnouts' improper behavior damaged Plaintiff KBL Corp.'s business in many other ways.

40. For example, because KBL Corp. is a residential home builder, KBL was adversely affected by the appearance of the litigation and judgment on routine title reports, title searches, Internet searches, and other documents. Such severely frustrated KBL's efforts to sell homes, as KBL Corp. was unable to close on partially constructed homes that were built from the plans at issue.

41. Furthermore, due to the foregoing, KBL's construction loans had to be extended pending the resolution of the litigation, causing KBL to bear significant additional interest payments and other related fees.

42. Similarly, KBL needed additional mortgages together with additional interest payments, bank fees, inception costs, closing costs, and other expenses.

43. Moreover, the litigation and its results caused prospective homeowners to become uncomfortable with KBL Corp., resulting in immediate lost sales to KBL.

44. Because the delay to sell the remaining homes of the subdivision in question came at a juncture when the real estate market went down drastically, KBL lost significant profits.

45. In addition, Robert Arnouts put the relevant homeowners at risk of becoming Defendants in copyright infringement actions, which damages KBL's relationships with its existing homeowner clients.

46. KBL also incurred lost home sales due to damage to KBL Corp.'s relationship with realtors, again due to the presence of the litigation.

47. KBL's relationships with its suppliers of materials was also damaged as a result of the litigation, as was KBL's relationships with its subcontractors who became aware of the multiple lawsuits and feared being named as additional defendants.

48. All of the above damages incurred by KBL Corp. would have been avoided by Defendant Robert Arnouts simply acting in the manner dictated by his license and obligations, thus the damages incurred by KBL Corp. are the fault of Defendant Robert Arnouts.

49. Accordingly, Plaintiff seeks an award in the form of: (1) all actual and consequential damages sustained by Plaintiff; (2) all legal fees; and (3) all litigation costs.

## AS AND FOR A FIRST CAUSE OF ACTION – INDUCEMENT TO INFRINGE

50. Plaintiff repeats and reiterates each and every allegation of paragraphs 1 through 49 set out supra, with the same force and effect as if fully set forth therein.

51. Plaintiff KBL Corp. incurred significant costs, expenses, legal fees, and damages relative to copyright infringement actions brought against it by Frank Betz Associates, Inc.

52. Such costs, expenses, legal fees, and damages were sustained by Plaintiff KBL Corp. due to the actions and omissions of Defendants herein.

53. Defendants, upon information and belief, with knowledge of the alleged infringing activity, or reason to know same, induced, caused, or materially contributed to the alleged infringing conduct of KBL Corp.

54. As such, Defendants are liable to KBL Corp. for the full amount of the costs, expenses, legal fees, and other damages incurred by KBL Corp.

## AS AND FOR A SECOND CAUSE OF ACTION - INDEMNIFICATION

55. Plaintiff repeats and reiterates each and every allegation of paragraphs 1 through 54 set out supra, with the same force and effect as if fully set forth therein.

56. Plaintiff KBL Corp. incurred significant costs, expenses, legal fees, and damages relative to copyright infringement actions brought against it by Frank Betz Associates, Inc.

57. Such costs, expenses, legal fees, and damages were sustained by Plaintiff KBL Corp. due to the fault of Defendants herein.

58. KBL Corp. had no knowledge that any of its activities constituted infringement, and thus its actions were innocent and in reliance upon the representations of Defendants as set forth herein.

59. As such, Defendants are liable to KBL Corp. for common law indemnification for all of its relative costs, expenses, legal fees, and damages, including without limitation, judgments, Court costs and the legal fees and costs of this action.

## AS AND FOR A THIRD CAUSE OF ACTION - CONTRIBUTION

60. Plaintiff repeats and reiterates each and every allegation of paragraphs 1 through 59 set out supra, with the same force and effect as if fully set forth therein.

61. Plaintiff KBL Corp. incurred significant costs, expenses, legal fees, and damages relative to copyright infringement actions brought against it by Frank Betz Associates, Inc.

62. Such costs, expenses, legal fees, and damages were sustained by Plaintiff KBL Corp. due to the actions and omissions of Defendants as set forth herein.

63. As such, Defendants are liable to KBL Corp. for common law contribution for at least its proportionate share of all expenses, costs, legal fees, and damages incurred by KBL Corp. in connection with its litigation against Frank Betz Associates, Inc.

**WHEREFORE**, Plaintiff requests that:

A. It be adjudged that Defendants have induced Plaintiff to infringe registered copyrights of another party;

B. That the Court award Plaintiff damages against Defendants in an amount adequate to compensate Plaintiff on its first cause of action;

C. That the Court award Plaintiff damages against Defendants in an amount adequate to compensate Plaintiff on its second cause of action;

D. That the Court award Plaintiff damages against Defendants in an amount adequate to compensate Plaintiff on its third cause of action;

E. That the Court award Plaintiff its costs and disbursements of this action;

F. That the Court increase the amount of damages found or assessed for Defendants' improper conduct, and award reasonable attorneys fees;

G. That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

H. That the Court award Plaintiff such other and further relief as the Court deems just, proper and equitable.

Dated: Calverton, New York.
        April 30, 2008

_____
Todd Wengrovsky – TW4823
Law Offices of
Todd Wengrovsky, PLLC.
285 Southfield Road, Box 585
Calverton, NY 11933
Tel (631) 727-3400
*Attorney for Plaintiff*


TO: ROBERT ARNOUTS
       28009 Waverly Road
       Easton, Maryland 21601-8127

       ARNOUTS ASSOCIATES ARCHITECTS, INC.
       28009 Waverly Road
       Easton, Maryland 21601-8127

# VERIFICATION

STATE OF NEW YORK )
                   )   ss:
COUNTY OF DUTCHESS)

KEVIN B. LUND, being duly sworn, deposes and says:

That I am the principal of Plaintiff KBL Corp. in the above entitled action, and have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

KEVIN B. LUND
KBL CORP.

Sworn to before me
this 29 day of April, 2008

NOTARY PUBLIC

MARIA GILBRIDE
Notary Public, State of New York
Reg. No. 01GI5087374
Qualified in Dutchess County
Commission Expires Nov. 3, 2009

State of New York   |
                    |  SS
County of Dutchess  |
On this 29TH day of April 2008 , before me personally came
Kevin B Lund
to me personally known to be the person described in and who
executed the foregoing document.

Notary Public

13

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
KBL CORP.,

Plaintiff,

-against-

ROBERT A. ARNOUTS, ARNOUTS ASSOCIATES            Civil Index No.
ARCHITECTS, INC.,

Defendants.
-----------------------------------------------------------------X

-------------------------------------------------------------------------------------------

## VERIFIED COMPLAINT

-------------------------------------------------------------------------------------------

Law Offices of Todd Wengrovsky, PLLC.
285 Southfield Road, Box 585
Calverton, NY 11933
Tel (631) 727-3400
Fax (631) 727-3401

-------------------------------------------------------------------------------------------

*Attorney for Plaintiff*

-------------------------------------------------------------------------------------------

Service of a copy of this within _____ is hereby admitted

TO: ROBERT A. ARNOUTS            ARNOUTS ASSOCIATES ARCHITECTS, INC.
    28009 Waverly Road           28009 Waverly Road
    Easton, Maryland 21601       Easton, Maryland 21601
    *Defendant*                  *Defendant*

Dated: May 10, 2008

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
KBL CORP.,

Plaintiff,

-against-

ROBERT A. ARNOUTS, ARNOUTS ASSOCIATES
ARCHITECTS, INC.,

Defendants.
--------------------------------------------------------------X

**AFFIDAVIT
IN SUPPORT**

Civil Index No.

KEVIN B. LUND, being duly sworn, deposes and states under the penalty of perjury as follows:

1.  I am the principal of Plaintiff KBL CORP., and I offer this Affidavit in support of Plaintiff's action for inducement to infringe registered copyrights, and indemnification and/or contribution under New York common law.

2.  KBL CORP. is a respected and experienced residential home builder in the Poughkeepsie, New York area.

3.  In the course of its business, KBL engages licensed architects to provide services relating to home designs and approval of proposed home plans. Such is done in furtherance of complying with local laws and regulations as a precondition to receiving a Certificate of Occupancy for each home constructed.

4.  Defendants are New York-licensed architects specializing in home designs and home plans, and holding themselves out as highly-skilled and highly-experienced experts in their field.

5. Defendants are in the business of designing, drafting and modifying home plans, as well as marketing, advertising, and selling home plan designs through traditional print and Internet media.

6. KBL Corp. engaged Defendants for architectural services prior to 2002, and Defendants provided services to KBL until 2005.

7. It is common for prospective homeowners to approach residential home builders such as KBL Corp. with proposed plans from which to build homes.

8. During the period of 2002 through 2005, some prospective KBL clients provided KBL with proposed home plans which did not bear any indication of their original source.

9. Other plans provided to KBL Corp. by prospective clients during the period of 2002 through 2005 indicated that the plans were created by from a popular national licensor of home designs, Frank Betz Associates, Inc. of Atlanta, Georgia.

10. Per the parties' ordinary course of business, KBL gave all such plans to Defendants for Robert Arnouts' review, his modifications in furtherance of compliance with local regulations, and ultimately, Robert Arnouts' stamp of approval.

11. To provide an example of our course of dealing, KBL contracted Defendants to produce construction drawings from a photocopy received by KBL from Weichert Realtors, the broker contracted to solicit customers on behalf of the seller of the homes. Weichert Realtors had received the photocopy from prospective purchasers of "Lot 7" of KBL's Boardman Estates subdivision. This original photocopy was of the Frank Betz Associates "Charlemagne" design.

12. Upon providing the papers to Robert Arnouts, I was upfront and straightforward with Defendant Robert Arnouts regarding the possible need to obtain a license from Frank Betz Associates for usage of the "Charlemagne" design. I even went to the extent of inquiring as to

whether Defendant Robert Arnouts' version of "AutoCAD" computer software was compatible with that of Frank Betz Associates.

13. However, I was expressly told by Defendant Robert Arnouts that, because the finished plans would be sufficiently different than any versions given to KBL by the prospective homeowner, there was no need to purchase any licenses from Frank Betz Associates.

14. Defendants proceeded to make modifications to the relevant design drawings, including drawings that included markings indicating that the designs were the property of Frank Betz Associates.

15. In fact, not only did Defendant Robert Arnouts represent to KBL that KBL need not purchase any licenses from Frank Betz Associates, Defendant Robert Arnouts filed his own copyright applications for the modified designs. Robert Arnouts specifically represented to KBL that Arnouts' copyright filings provided additional basis for his conclusion that purchasing licenses from Frank Betz Associates was unnecessary.

16. Defendant Arnouts accordingly advised me to use the modified plans, and stamped all such plans with his official seal of approval.

17. Reasonably relying on Defendants' expertise and advice, KBL proceeded to construct multiple homes from the Arnouts-stamped drawings.

18. Importantly, KBL paid significant fees to Robert Arnouts for his services, resulting in costs nearly ten times higher than the standard fees to purchase the relevant licenses from Frank Betz Associates. As such, there was clearly no financial gain to be realized by KBL from its failure to purchase licenses from Frank Betz Associates, but rather extra costs to KBL, confirming that KBL and I had no intent to infringe any copyrights.

19. However, on February 17, 2006, Frank Betz Associates, Inc. filed a copyright infringement action against KBL and me personally in the United States District Court for the Southern District of New York, Index Number 06-CV-1280.

20. Frank Betz Associates also accused current Robert Defendant Arnouts and his business of copyright infringement at such time, but settled with such parties prior to commencing action 06-CV-1280 against KBL Corp.

21. KBL was forced to take on an expensive defense to the lawsuit, incurring significant legal fees and other damages to its business.

22. Ultimately, to avoid continued litigation and the significant costs related thereto, KBL agreed to participate in a Settlement Conference before the Court, which resulted in settlement of action 06-CV-1280. The settlement was based on payment from KBL to Frank Betz Associates in the amount of $85,000.00. Due to the effects of the litigation, KBL was unable to remit the full required settlement payments, resulting in a judgment against it in the increased amount of $100,000.00, which was since been paid in full by KBL.

23. However, following dismissal of action 06-CV-1280, Frank Betz Associates subsequently claimed that KBL had previously constructed additional homes that Frank Betz Associates contended were infringements of its other copyrights.

24. As such, Frank Betz Associates commenced a second action, United States District Court for the Southern District of New York, Index Number 07-CV-554 against KBL and me personally on January 24, 2007.

25. The home designs relative to second copyright infringement action against KBL were also approved by Robert Arnouts in the same manner as those relative to the first copyright infringement action.

26. Due to the filing of the second action against KBL and its individual owner, KBL was once again forced to incur significant legal fees in its defense. Although KBL had partial insurance coverage relative to the claims of the second action, KBL's insurance carrier specifically recommended that KBL keep its own counsel to act as co-counsel with the insurance carrier's assigned attorneys, so as to advise KBL regarding potential liability in the event that coverage was disclaimed or the sum awarded exceeded available insurance coverage.

27. Due to breach of his prior settlement agreement with Frank Betz Associates, Inc., Robert Arnouts and his business were added to second copyright infringement action as co-defendants.

28. In an effort to once again avoid continued litigation and the significant costs and detriments related thereto, KBL agreed to a settlement of action 07-CV-554 with Frank Betz Associates, Inc. based on payment to Frank Betz Associates from KBL's insurance carrier. Content with same, Frank Betz Associates, Inc. agreed to dismissal of the entire second action. As a result, Robert Arnouts and his business, upon information and belief, paid nothing to Frank Betz Associates and nothing to KBL and I despite being the party who deliberately encouraged KBL to use the copyrighted designs.

29. KBL and I put our trust in, and relied upon the advice of a licensed New York State architect, who is fully familiar with copyrights due to the very nature of his specialized education and his many years of experience in the field. In fact, because Robert Arnouts was adept and knowledgeable enough to file his own copyrights, he was certainly aware that his advice to KBL and I was improper. Robert Arnouts, as a licensed architect, should have known better than to advise KBL and I to use the copyrighted plans, and in fact did know better.

30. Due to Defendant Arnouts' advice, KBL was forced to pay significant legal fees relative to the first copyright infringement action.

31. Likewise, due to Defendant Arnouts' advice, KBL was forced to pay significant legal fees relative to the second copyright infringement action.

32. In addition, the multiple lawsuits were a severe disruption to KBL's business, including lost time spent by KBL in focusing on its defense, discovery, and required appearances.

33. More importantly, Defendant Arnouts' improper behavior damaged KBL's business in many other ways.

34. For example, because KBL is a residential home builder, KBL was adversely affected by the appearance of the litigation and judgment on routine title reports, title searches, Internet searches, and other documents. Such severely frustrated KBL's efforts to sell homes, as KBL was unable to close on partially constructed homes that were built from the plans at issue.

35. Furthermore, due to the foregoing, KBL's construction loans had to be extended pending the resolution of the litigation, causing KBL to bear significant additional interest payments and other related fees.

36. Similarly, KBL needed additional mortgages together with additional interest payments, bank fees, inception costs, closing costs, and other expenses.

37. Moreover, the litigation and its results caused prospective homeowners to become uncomfortable with KBL, resulting in immediate lost sales to KBL.

38. Because the delay to sell the remaining homes of the subdivision in question came at a juncture when the real estate market went down drastically, KBL lost significant profits.

39. In addition, Robert Arnouts put the relevant homeowners at risk of becoming Defendants in copyright infringement actions, which damages KBL's relationships with its existing homeowner clients.

40. KBL also incurred lost home sales due to damage to KBL's relationship with realtors, again due to the presence of the litigation.

41. KBL's relationships with its suppliers of materials was also damaged as a result of the litigation, as was KBL's relationships with its subcontractors who became aware of the multiple lawsuits and feared being named as additional defendants.

42. All of the above damages incurred by KBL would have been avoided by Defendant Robert Arnouts simply acting in the manner dictated by his license and obligations, thus the damages incurred by KBL are the fault of Defendant Robert Arnouts.

**WHEREFORE,** I respectfully request that the Court ultimately grant judgment to Plaintiff, as well as any further relief the Court deems appropriate.

Dated:   April 30, 2008
         Poughkeepsie, New York

_____
KEVIN B. LUND
KBL CORP.

Sworn to before me this
30th th day of April, 2008

_____
NOTARY PUBLIC

MARIA GILBRIDE
Notary Public, State of New York
Reg. No. 01GI6087374
Qualified in Dutchess County
Commission Expires Nov. 3, 2009

7

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
KBL CORP.,

                                    Plaintiff,

               -against-

ROBERT A. ARNOUTS, ARNOUTS ASSOCIATES            Civil Index No.
ARCHITECTS, INC.,

                                    Defendants.
-----------------------------------------------------------------X

-------------------------------------------------------------------------------------

### AFFIRDAVIT IN SUPPORT

-------------------------------------------------------------------------------------

Law Offices of Todd Wengrovsky, PLLC.
285 Southfield Road, Box 585
Calverton, NY 11933
Tel (631) 727-3400
Fax (631) 727-3401

-------------------------------------------------------------------------------------
*Attorney for Plaintiff*
-------------------------------------------------------------------------------------

Service of a copy of this within _____ is hereby admitted

TO:  ROBERT A. ARNOUTS              ARNOUTS ASSOCIATES ARCHITECTS, INC.
     28009 Waverly Road              28009 Waverly Road
     Easton, Maryland 21601          Easton, Maryland 21601
     *Defendant*                     *Defendant*

Dated: May 10, 2008

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

08 CV 4873

KBL CORP.,

                              Plaintiff,

          -against-

ROBERT A. ARNOUTS, ARNOUTS ASSOCIATES
ARCHITECTS, INC.,

                              Defendants.
-------------------------------------------------------------------X

**AFFIRMATION
IN SUPPORT**

Civil Index No. 08-CV-____
(_____)

UPON READING AND FILING of the Affidavit of KEVIN B. LUND dated April 30, 2008,

and upon all of the hearings, pleadings and proceedings heretofore had herein, Todd Wengrovsky,

an attorney duly admitted to practice in the United States District Court for the Southern District

of New York, upon information and belief and under the penalty of perjury, states:

1.    I am the attorney for Plaintiff KBL CORP. in the present action, and I offer this

Affirmation in support of Plaintiff's action regarding inducement to infringe registered copyrights,

and indemnification and/or contribution.

## I. BACKGROUND AND FACTS

2.    Plaintiff KBL CORP. is a respected and experienced residential home builder in the

Poughkeepsie, New York area.

3.    In the course of its business, Plaintiff KBL engages licensed architects to provide services

relating to home designs and approval of proposed home plans.  Such is done in furtherance of

complying with local laws and regulations as a precondition to receiving a Certificate of

Occupancy for each home constructed.

4. Defendants are New York-licensed architects specializing in home designs and home plans, and holding themselves out as highly-skilled and highly-experienced experts in their field.

5. Specifically, Defendants are in the business of designing, drafting and modifying home plans, as well as marketing, advertising, and selling home plan designs through traditional print and Internet media.

6. Plaintiff KBL Corp. engaged Defendants for architectural services prior to 2002, and Defendants provided services to Plaintiff until 2005.

7. It is common for prospective homeowners to approach residential home builders such as Plaintiff KBL Corp. with proposed plans from which to build homes.

8. During the period of 2002 through 2005, some prospective KBL clients provided Plaintiff KBL Corp. with proposed home plans which did not bear any indication of their original source.

9. Other plans provided to Plaintiff KBL Corp. by prospective clients during the period of 2002 through 2005 indicated that the plans were created by from a popular national licensor of home designs, Frank Betz Associates, Inc. of Atlanta, Georgia.

10. Per the parties' ordinary course of business, KBL Corp. gave all such plans to Defendants for Robert Arnouts' review, his modifications in furtherance of compliance with local regulations, and ultimately, Robert Arnouts' stamp of approval.

11. To provide a representative example of the course of dealing, KBL Corp. contracted Defendants to produce construction drawings from a photocopy received by KBL Corp. from Weichert Realtors, the broker contracted to solicit customers on behalf of the seller of the homes. Weichert Realtors had received the photocopy from prospective purchasers of "Lot 7" of Plaintiff KBL Corp.'s "Boardman Estates" subdivision. Upon information and belief, this original photocopy was of the Frank Betz Associates "Charlemagne" design.

12. Upon providing the papers to Robert Arnouts, KBL Corp. and its owner were upfront and straightforward with Defendant Robert Arnouts regarding the possible need to obtain a license from Frank Betz Associates for usage of the "Charlemagne" design. KBL Corp.'s owner even went to the extent of inquiring as to whether Defendant Robert Arnouts' version of "AutoCAD" computer software was compatible with that of Frank Betz Associates.

13. However, Plaintiff KBL Corp. was expressly told by Defendant Robert Arnouts that, because the finished plans would be sufficiently different than any versions given to KBL Corp. by the prospective homeowner, there was no need to purchase any licenses from Frank Betz Associates.

13. Defendants proceeded to make modifications to the relevant design drawings, including drawings that included markings indicating that the designs were the property of Frank Betz Associates.

14. In fact, not only did Defendant Robert Arnouts represent to KBL Corp. that KBL Corp. need not purchase any licenses from Frank Betz Associates, upon information and belief, *Defendant Robert Arnouts filed his own copyright applications for the modified designs.* Robert Arnouts specifically represented to KBL Corp. that Arnouts' copyright filings provided additional basis for his conclusion that purchasing licenses from Frank Betz Associates was unnecessary.

15. Defendant Arnouts accordingly advised KBL Corp. to use the modified plans, and stamped all such plans with his official seal of approval.

16. Reasonably relying on Defendants' expertise and advice, Plaintiff KBL Corp. proceeded to construct multiple homes from the Arnouts-stamped drawings.

17. Importantly, KBL Corp. paid significant fees to Robert Arnouts for his services, resulting in costs nearly ten times higher than the standard fees to purchase the relevant licenses from Frank

Betz Associates. As such, there was clearly no financial gain to be realized by KBL Corp. from its failure to purchase licenses from Frank Betz Associates, but rather *extra* costs to KBL Corp., confirming that KBL Corp. had no intent to infringe any copyrights.

18. However, on February 17, 2006, Frank Betz Associates, Inc. filed a copyright infringement action against Plaintiff KBL Corp. and its individual owner in the United States District Court for the Southern District of New York, Index Number 06-CV-1280.

19. Upon information and belief, Frank Betz Associates also accused current Robert Defendant Arnouts and his business of copyright infringement at such time, but settled with such parties prior to commencing action 06-CV-1280 against KBL Corp.

20. KBL Corp. was forced to take on an expensive defense to the lawsuit, incurring significant legal fees and other damages to its business.

21. Ultimately, to avoid continued litigation and the significant costs related thereto, KBL Corp. agreed to participate in a Settlement Conference before the Court, which resulted in settlement of action 06-CV-1280. The settlement was based on payment from KBL Corp. to Frank Betz Associates in the amount of $85,000.00. Due to the effects of the litigation, KBL was unable to remit the full required settlement payments, resulting in a judgment against it in the increased amount of $100,000.00, which was since been paid in full by KBL Corp.

22. However, following dismissal of action 06-CV-1280, Frank Betz Associates subsequently claimed that KBL Corp. had previously constructed *additional* homes that Frank Betz Associates contended were infringements of its other copyrights.

23. As such, Frank Betz Associates commenced a second action against KBL Corp. on January 24, 2007 in the United States District Court for the Southern District of New York, Index Number 07-CV-554.

24.  The home designs relative to second copyright infringement action against KBL Corp. were also approved by Robert Arnouts in the same manner as those relative to the first copyright infringement action.

25.  Due to the filing of the second action against KBL Corp. and its individual owner, KBL Corp. was once again forced to incur significant legal fees in its defense. Although KBL Corp. had partial insurance coverage relative to the claims of the second action, KBL's insurance carrier specifically recommended that KBL Corp. keep its own counsel to act as co-counsel with the insurance carrier's assigned attorneys, so as to advise KBL Corp. regarding potential liability in the event that coverage was disclaimed or the sum awarded exceeded available insurance coverage.

26.  Importantly, due to breach of his prior settlement agreement with Frank Betz Associates, Inc., Robert Arnouts and his business were added to second copyright infringement action as co-defendants.

27. In an effort to once again avoid continued litigation and the significant costs and detriments related thereto, KBL Corp. agreed to a settlement of action 07-CV-554 with Frank Betz Associates, Inc. based on payment to Frank Betz Associates from KBL's insurance carrier. Content with same, Frank Betz Associates, Inc. agreed to dismissal of the entire second action. As a result, Robert Arnouts and his business, upon information and belief, paid nothing to Frank Betz Associates and nothing to KBL Corp. despite being the party who deliberately encouraged KBL Corp. to use Fran Betz Associates' copyrighted designs.

28. In sum, KBL Corp. put its trust in, and relied upon the advice of a licensed New York State architect, who is fully familiar with copyrights due to the very nature of his specialized education and his many years of experience in the field.  In fact, because Robert Arnouts was

adept and knowledgeable enough to file his *own* copyrights, he was certainly aware that his advice to KBL Corp. was improper. Robert Arnouts, as a licensed architect, should have known better than to advise KBL Corp. to use the copyrighted plans, and in fact <u>did</u> know better.

## II. PLAINTIFF'S DAMAGES

29. As noted above, due to Defendant Arnouts' acts and omissions, KBL Corp. was forced to pay significant legal fees relative to the first copyright infringement action.

30. Likewise, due to Defendant Arnouts' acts and omissions, KBL Corp. was forced to pay significant legal fees relative to the second copyright infringement action.

31. In addition, the multiple lawsuits were a severe disruption to KBL's business, including lost time spent by KBL's owner in focusing on its defense, discovery, and required appearances.

32. More importantly, Defendant Arnouts' improper behavior damaged Plaintiff KBL Corp.'s business in many other ways.

33. For example, because KBL Corp. is a residential home builder, KBL was adversely affected by the appearance of the litigation and judgment on routine title reports, title searches, Internet searches, and other documents. Such severely frustrated KBL's efforts to sell homes, as KBL Corp. was unable to close on partially constructed homes that were built from the plans at issue.

34. Furthermore, due to the foregoing, KBL's construction loans had to be extended pending the resolution of the litigation, causing KBL to bear significant additional interest payments and other related fees.

35. Similarly, KBL needed additional mortgages together with additional interest payments, bank fees, inception costs, closing costs, and other expenses.

36. Moreover, the litigation and its results caused some prospective homeowners to become uncomfortable with KBL Corp., resulting in immediate lost sales to KBL.

37. Because the delay to sell the remaining homes of the subdivision in question came at a juncture when the real estate market went down drastically, KBL lost significant profits.

38. In addition, Robert Arnouts even put the relevant homeowners at risk of becoming Defendants in copyright infringement actions, which damages KBL's relationships with its existing homeowner clients.

39. KBL also incurred lost home sales due to damage to KBL Corp.'s relationship with realtors, again due to the presence of the litigation.

40. KBL's relationships with its suppliers of materials was also damaged as a result of the litigation, as was KBL's relationships with its subcontractors who became aware of the multiple lawsuits and feared being named as additional defendants.

41. All of the above damages incurred by KBL Corp. would have been avoided by Defendant Robert Arnouts simply acting in the manner dictated by his license and obligations, thus the damages incurred by KBL Corp. are the fault of Defendant Robert Arnouts.

### III. LEGAL ANALYSIS

42. Awards of contribution are routinely granted in copyright actions with circumstances such as those of the present case. For a recent example, see *Yash Raj Films v. Kumar*, 2006 WL 2463532 (E.D.N.Y. 2006). See also *Too, supra., 213 F.R.D. at 140-143* where a former defendant was permitted to file a third-party complaint seeking contribution based on the allegation that the third-party defendant knowingly contributed to the infringement. Importantly, in *Too*, the Court stated the following:

Under New York law, "two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought." N.Y. Civil Practice Law and Rules ("CPLR") § 1401. "The theory of contribution at common law is that one who is compelled to pay more than his aliquot share of an obligation upon which several persons are equally liable is entitled to contribution from the others to obtain from them payment of their respective shares." *Green Bus Lines, Inc.*, 74 A.D.2d 136, 426 N.Y.S.2d 981, 989 (App. Div. 2nd Dep't 1980). The potential liability for contribution stems from the common law doctrine "that one who knowingly participates or furthers a tortious act is jointly and severally liable with the prime tortfeasor..." *See Screen Gems-Columbia Music, Inc. v. Mark-Fi Records, Inc.*, 256 F.Supp. 399, 403 (S.D.N.Y.1966).

The Second Circuit has set forth the standard for finding a party liable for contribution, specifically with regard to the Copyright Act, 17 U.S.C. § 1(e), 101: [o]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer. *Gershwin Pub. Corp. v. Columbia Artists Man., Inc.*, 443 F.2d 1159, 1162 (2d Cir.1971). In order to find that a party contributed to infringement, it is required that the third-party plaintiff demonstrate that the third-party defendant either had knowledge, or "reason to know" of the infringing activity. *See Mark-Fi Records*, 256 F.Supp. at 404; *Gershwin*, 443 F.2d at 1162.

*Id.* at 141.

43. Under *Too, supra.*, KBL need only show that Arnouts was a "contributory infringer" to be entitled to contribution. In this regard, KBL can show that Arnouts was a "contributory infringer" by clearly establishing that Arnouts, with knowledge of the infringing activity, materially contributed to the alleged infringing conduct. Accordingly, KBL may seek contribution from Arnouts under the above holdings.

**IV.  CONCLUSION**

44. KBL Corp. contracted Robert Arnouts due to his expertise and experience in the filed, and paid Arnouts significant fees for same. KBL relied on Arnoouts' explicit advice and suffered

8

severe financial consequences by following Arnouts' instructions.  As such, principles of law, equity and fairness dictate that Arnouts should at least reimburse KBL for its losses.

45.  It is my contention, upon a thorough review of the facts and circumstances upon which this action is based, upon information and belief, that none of the claims made herein are frivolous in nature or lack merit in any degree.

46.  No previous application has been made to this Court or any court for the relief requested herein.

**WHEREFORE**, I respectfully request that the Court grant judgment to Plaintiff, together with any further relief the Court deems appropriate.

Dated:  May 5, 2008
        Calverton, New York

 

Todd Wengrovsky - TW4823
Law Offices of
Todd Wengrovsky, PLLC.
285 Southfield Road, Box 585
Calverton, NY 11933
Tel (631) 727-3400
Fax (631) 727-3401
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
KBL CORP.,

                                        Plaintiff,

            -against-

ROBERT A. ARNOUTS, ARNOUTS ASSOCIATES            Civil Index No.
ARCHITECTS, INC.,

                                        Defendants.
-------------------------------------------------------------------X

-----------------------------------------------------------------------------------------

### AFFIRMATION IN SUPPORT

-----------------------------------------------------------------------------------------

Law Offices of Todd Wengrovsky, PLLC.
285 Southfield Road, Box 585
Calverton, NY 11933
Tel (631) 727-3400
Fax (631) 727-3401

-----------------------------------------------------------------------------------------
*Attorney for Plaintiff*
-----------------------------------------------------------------------------------------

Service of a copy of this within _____ is hereby admitted

TO:  ROBERT A. ARNOUTS              ARNOUTS ASSOCIATES ARCHITECTS, INC.
     28009 Waverly Road             28009 Waverly Road
     Easton, Maryland 21601         Easton, Maryland 21601
     *Defendant*                    *Defendant*

Dated: May 10, 2008

**WARD NORRIS HELLER & REIDY LLP**
Jeremy J. Best [JB 1785]
300 State Street
Rochester, New York 14614
(585) 454-0700
*Attorneys for Plaintiff*
*Frank Betz Associates, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| FRANK BETZ ASSOCIATES, INC.,<br><br>                                    Plaintiff,<br><br>vs.<br><br>KEVIN LUND AND KBL CORP.,<br><br>                                    Defendants. | **COMPLAINT**<br><br>Civ. Action No.: 2006-cv-1280 (BSJ)<br><br>ECF CASE |

Plaintiff Frank Betz Associates, Inc. ("Betz"), by and through its undersigned counsel, alleges the following against defendants Kevin Lund and KBL Corp. (collectively referred to as "Defendants"):

**PARTIES, JURISDICTION AND VENUE**

1. Betz is a Georgia corporation having its principal place of business in Smyrna, Georgia.

2. Upon information and belief, Defendant Kevin Lund is a resident of Poughkeepsie, New York.

3. Upon information and belief, Defendant KBL Corp. is a New York corporation with its principal place of business in Poughkeepsie, New York.

4. This is an action at law and in equity for copyright infringement arising under the laws of the United States of America, codified at 17 U.S.C. §§ 101 *et seq.*

5.  This court has exclusive federal jurisdiction over the subject matter of the plaintiff's claim under 28 U.S.C. § 1338.

6.  The defendants are subject to the personal jurisdiction of this Court because they solicit and/or transact business in this district on a regular basis, because acts complained of herein occurred and are occurring in this district, and because the defendants' conduct has caused injury in this district.

7.  Venue in this district is proper under 28 U.S.C. § 1400(a) in that the defendants reside, conduct business or may be found in this district.

## FACTUAL BACKGROUND

### Betz and Its Original Works

8.  Betz is engaged in the business of creating, designing, producing, distributing, and marketing original architectural works, architectural working drawings, and related technical drawings. Betz has achieved national recognition for the quality and originality of its work.

9.  As part of its business, Betz has created the following architectural works (collectively referred to, along with any predecessors or derivatives thereof, as the "Betz Designs"):

    a.    Prior to August 1, 1996, Betz created the "Charlemagne," a representative rendering and floor plan of which is attached hereto as Exhibit "1." The copyright in this work has been registered with the United States Copyright Office as evidenced by Certificate of Registration No. VA 997-949, effective April 24, 2000. *See* Ex. 1.

    b.    Prior to February 1, 2002, Betz created the "Drexel," a representative rendering and floor plan of which is attached hereto as Exhibit "2." The copyright in this work has been registered with the United States Copyright Office as evidenced by Certificate of Registration No. VA 1-126-451, effective February 5, 2002. *See* Ex. 2.

    c.    Prior to February 1, 2002, Betz created the "Monahan," a representative rendering and floor plan of which is attached hereto as Exhibit "3." The

copyright in this work has been registered with the United States
Copyright Office as evidenced by Certificate of Registration No. VA 1-
126-444, effective February 5, 2002. *See* Ex. 3.

10.   The Betz Designs contain material wholly original to Betz that are copyrightable

subject matter under 17 U.S.C. §§ 101 *et seq.*

11.   Betz is currently, and at all relevant times has been, the sole owner of all right, title

and interest in and to the copyrights in the Betz Designs.

12.   All lawful copies and distributions of the Betz Designs have been made by Betz, or

under Betz's consent or permission.

13.   The Betz Designs have been marketed and distributed on at least a nationwide basis,

and the defendant has had access to them.

**The Defendants and Their Actions**

14.   Kevin Lund is the principal of KBL Corp.

15.   Upon information and belief, KBL Corp. is a home building and development

company.

16.   Defendants have been engaged, at least in part, in the business of publishing,

distributing, marketing, advertising, and selling homes and home designs through traditional

print media and in marketing, advertising, constructing, and selling homes according to such

designs.

17.   Defendants have taken copies of one or more Betz Designs from various sources and

provided them to an architect for copying and/or modification.  For example, Exhibit 4 is a copy

of the Betz "Charlemagne" plan as sent by Defendants to an architect, with handwritten notes of

the Defendants indicating how the plan should be copied and/or modified by the architect for

Defendants. Exhibit 5 is a copy of the Betz "Monahan" plan as sent by Defendants to the same architect.

18. Defendants have published, distributed, marketed, advertised, and constructed homes from certain architectural designs for homes, each consisting of a floor plan and exterior elevations, that infringe on Betz Designs, including at least the designs attached hereto as Exhibits 4, 5, and 6 (said designs collectively referred to, along with any predecessors, copies, or derivatives thereof under the same or different names, as the "Infringing Designs"):

a.    The "Singh" and/or "Michael" and/or "Justin." Photocopies of one or more versions of these Infringing Designs are attached hereto as Exhibit 6;

b.    The "Thomas." A photocopy of one version of this Infringing Design is attached hereto as Exhibit 7; and

c.    The "Amy." A photocopy of one version of this Infringing Design is attached hereto as Exhibit 8.

19. Upon information and belief, Defendants have marketed, advertised, constructed, are constructing, and/or sold at least 9 homes in the Boardman Estates Subdivision in or around Poughkeepsie, New York that are based on and constructed from the Infringing Designs, including but not limited to homes constructed on Lots 2, 4, 5, 6, 7. 8, 9, 10 and 11 of the Boardman Estates Subdivision ("Defendants' Homes"). Photocopies of pictures of some of the Defendants' Homes are collectively attached hereto as Exhibit 9.

### COUNT I
### COPYRIGHT INFRINGEMENT
(17 U.S.C. §§ 101 *et seq.*)

20. Betz repeats and realleges the allegations in paragraphs 1-19 as if set forth fully herein.

21. Defendants have violated and continue to violate Betz's exclusive rights in the Betz Designs (including the right to reproduce, right to prepare derivative works, and right to vend) by

copying, publishing, distributing, advertising, marketing, selling, and/or constructing homes from architectural works which were copies or otherwise derived from the Betz Designs, in that Defendants' Homes constructed and/or under construction (and any copies of derivatives thereof under the same name or a different name) infringe Betz Designs (and any predecessor or derivative thereof):

       a.       The defendants' "Singh" and/or "Michael" and/or Justin" plans (and any copies or derivatives thereof under the same name or a different name) infringe Betz's "Charlemagne" (and any predecessor or derivative thereof).

       b.       The defendants' "Thomas"" (and any copies or derivatives thereof under the same name or a different name) infringes Betz's "Drexel" (and any predecessor or derivative thereof).

       c.       The defendants' "Amy" (and any copies or derivatives thereof under the same name or a different name) infringes Betz's "Monahan" (and any predecessor or derivative thereof).

22.  As a direct and proximate result of Defendants' wrongful conduct, Betz has been damaged.

23.  Defendants' infringement of Betz's copyright has been and continues to be committed willfully.

24.  Betz generally avers that all conditions precedent to its right of recovery has occurred or has been performed.

## RELIEF SOUGHT

**WHEREFORE**, Betz demands judgment as follows:

25.  Permanently enjoin and restrain the defendants, its officers, directors, principals, agents, servants, employees, successors, and assigns, and all those in active concert or participation with it, from:

a.    imitating, copying, or making any unauthorized use of the Betz Designs or any predecessors or derivatives thereof in any manner, and from publishing, distributing, selling, advertising, marketing, building, constructing or otherwise disposing of any copies or derivatives of the Betz Designs and derivatives thereof;

b.    manufacturing, producing, building, constructing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product bearing any simulation, reproduction, counterfeit, copy, derivative, or colorable imitation of the Betz Designs and any predecessors or derivatives thereof; and

c.    using any simulation, reproduction, counterfeit, copy, derivative, or colorable imitation of the Betz Designs or any predecessors or derivatives thereof, in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, building, construction, circulation, or distribution of any product or service.

26.  Direct the defendants to deliver up to be impounded during the pendency of this action under 17 U.S.C. § 503 all copies or derivatives of the Betz Designs or of any predecessors or derivatives thereof in the defendants' possession or under the defendants' control and to deliver up for destruction all infringing copies and all devices used for making such infringing copies, including any homes that have been constructed in violation of Betz's copyright.

27.  Direct the defendants to disclose to Betz the names and addresses of all persons and entities who have purchased or licensed the Infringing Designs, who have had homes constructed from it, or have purchased homes constructed from it.

28.  Direct the defendants to issue a recall notice to each person who has purchased or licensed the Infringing Designs or who has had a home constructed from the Infringing Designs, informing each such person that the Infringing Designs has been determined to constitute an infringement of Betz's copyright and that the person cannot resell or vend the Infringing Designs or any home constructed from it without the permission of Betz.

29.  Direct the defendants to pay Betz such damages as the jury determines Betz has sustained in consequence of defendants' infringing Betz's copyright, and to account for all gains, profits, and advantages derived by defendants by their infringement of Betz's copyright under 17 U.S.C. § 504(b), or at Betz's election, statutory damages under 17 U.S.C. § 504(c), which permits a recovery of up to $150,000 for infringement of each copyrighted work.

30.  Direct the defendants to pay Betz's costs of this action and its reasonable attorney's fees allowable to Betz by the Court under 17 U.S.C. § 505.

31.  Award to Betz such other and further relief as the Court may consider appropriate.

32.  Betz requests a jury trial as to all matters other than the equitable remedies sought herein.

Dated:  February 15, 2006

WARD NORRIS HELLER & REIDY LLP

By:  ____s/Jeremy J. Best_____
        Jeremy J. Best [JB 1785]

300 State Street
Rochester, New York 14614
(585) 454-0700
Email: jjb@wnhr.com
*Attorneys for Plaintiff Frank Betz Associates, Inc.*

Of Counsel:

Troy A. Tessier (D.S.C. I.D. No. 6863)
WYCHE BURGESS FREEMAN & PARHAM, P.A.
Post Office Box 728
Greenville, South Carolina 29602-0728
Telephone:  (864) 242-8200
Facsimile:  (864) 235-8900
ttessier@wyche.com
*Attorneys for Plaintiff Frank Betz Associates, Inc*

EXHIBIT 1

Frank Betz Homes



# **HOMEPLANS** *Designed for Today's Market*

## CHARLEMAGNE



| 1st Floor | 1374 sq. ft. |
|-----------|--------------|
| 2nd Floor | 1311 sq. ft. |
| Total | 2685 sq. ft. |

**Overall Dimensions:** 57'-4" x 42'-0"





*Floorplans and Elevations are subject to change. Floorplan dimensions are approximate. Consult working drawings for actual dimensions and information. Elevations are artists' conceptions.*

CERTIFICATE OF REGISTRATION



UNITED STATES COPYRIGHT OFFICE
THE LIBRARY OF CONGRESS

OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE
REGIS

**VA 997-949**

EFFECTIVE DATE OF REGISTRATION

APR 2 4 2000

| Month | Day | Year |

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**TITLE OF THIS WORK ▼** No Construction Prior to: Aug. 1, 1996     **NATURE OF THIS WORK ▼ See Instructions**

Charlemagne     Architectural Work

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**   Homeplans, Designed for Today's Market

If published in a periodical or serial give: **Volume ▼** 14   **Number ▼**   **Issue Date ▼** August 1996   **On Pages ▼** 64

---

**a** **NAME OF AUTHOR ▼** Frank Betz Associates, Inc.   **DATES OF BIRTH AND DEATH** Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?   ☑ Yes   ☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶ USA

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes   ☑ No
Pseudonymous?   ☐ Yes   ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☑ Architectural work
☐ Design on sheetlike material

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b** **NAME OF AUTHOR ▼**   **DATES OF BIRTH AND DEATH** Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?   ☐ Yes   ☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes   ☐ No
Pseudonymous?   ☐ Yes   ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

---

**a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given ◀ Year in all cases. 1996

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.   Month ▶ August   Day ▶   Year ▶ 1996   ◀ Nation USA

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Frank Betz Associates, Inc.
2401 Lake Park Drive, Suite 250
Smyrna, Georgia 30080

APPLICATION RECEIVED APR 24 2000
ONE DEPOSIT RECEIVED APR 24 2000
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

---

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.     DO NOT WRITE HERE     Page 1 of _____ pages

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

PREVIOUS REGISTRATION Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

☐ This is the first published edition of a work previously registered in unpublished form.
☑ This is the first application submitted by this author as copyright claimant.
☐ This is a changed version of the work, as shown by space 6 on this application.

your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

DERIVATIVE WORK OR COMPILATION Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

N/A

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

N/A

**6**

a

b

See Instructions
before completing
this space.

DEPOSIT ACCOUNT If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                               Account Number ▼

**7**

a

CORRESPONDENCE Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Frank Betz Associates, Inc.
2401 Lake Park Drive
Suite 250
Smyrna, Georgia, 30080

Area code and daytime telephone number ▶ 770.431.0888          Fax number ▶ 770.435.7608

b

CERTIFICATION* I, the undersigned, hereby certify that I am the

check only one ▶  ☐ author
☐ other copyright claimant
☑ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

the work identified in this application and that the statements made
in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Russell W. Moody          Date ▶ 4-21-2006

Handwritten signature (X) ▼

Certificate
will be
mailed in
window
envelope

Name ▼
Russell W. Moody

Number/Street/Apt ▼
2401 Lake Park Dr., Suite 250

City/State/ZIP ▼
Smyrna, Georgia 30080

**YOU MUST**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE**
1. Application form
2. Nonrefundable $30 filing fee in check or money order payable to Register of Copyrights
3. Deposit material

**MAIL TO**
Register of Copyrights, Library of Congress
101 Independence Ave., S.E.
Washington, D.C. 20559-6000

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Rev: 1997—300,000          ⊕ PRINTED ON RECYCLED PAPER          ☆U.S. GOVERNMENT PRINTING OFFICE: 1997-417-750/40,036

EXHIBIT 2

Frank Betz Homes



# HOMEPLANS *Designed for Today's Market.*

## DREXEL



| 1st Floor | 1321 sq. ft. |
|-----------|--------------|
| 2nd Floor | 1307 sq. ft. |
| Total | 2628 sq. ft. |

**Overall Dimensions: 56'-0" x 41'-6"**





*Floorplans and Elevations are subject to change. Floorplan dimensions are approximate. Consult working drawings for actual dimensions and information. Elevations are artists' conceptions.*

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

## FORM VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE



**VA 1-126-451**



2-5-02
Month   Day   Year

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**   **TITLE OF THIS WORK ▼** No Construction Prior to: 2-01-02   **NATURE OF THIS WORK ▼** *See instructions*
Drexel   Architectural work

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼** Homeplans, Designed for Today's Market

If published in a periodical or serial give: **Volume ▼** 25   **Number ▼**   **Issue Date ▼** February 2002   **On Pages ▼** 74

**2** **a**   **NAME OF AUTHOR ▼** Frank Betz Associates, Inc.   **DATES OF BIRTH AND DEATH**
**Year Born ▼**   **Year Died ▼**

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of ► USA
Domiciled in ► USA

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
*If the answer to either of these questions is "Yes," see detailed instructions.*

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☑ Architectural work
☐ Design on sheetlike material

**NAME OF AUTHOR ▼**   **DATES OF BIRTH AND DEATH**
**Year Born ▼**   **Year Died ▼**

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE** Name of Country
OR { Citizen of ►
Domiciled in ►

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
*If the answer to either of these questions is "Yes," see detailed instructions.*

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

**3** **a**   **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given **Year** in all cases. 2001

**b**   **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published. **Month ►** February **Day ►** 1 **Year ►** 2002
**Nation** USA

**4**   **COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼
Frank Betz Associates, Inc.
2401 Lake Park Drive, Suite 250
Smyrna, Georgia 30080

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**APPLICATION RECEIVED** FEB 0 5 2002
**ONE DEPOSIT RECEIVED** FEB 0 5 2002
**TWO DEPOSITS RECEIVED**
**FUNDS RECEIVED**

DO NOT WRITE HERE
OFFICE USE ONLY

EXAMINED BY _____     FORM VA

CHECKED BY _____

☐ CORRESPONDENCE
   Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☑ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼ _____  Year of Registration ▼ _____

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

N/A

**6**

a

See instructions
before completing
this space.

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

N/A

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                    Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼

Frank Betz Associates, Inc.
2401 Lake Park Drive, Suite 250
Smyrna, Georgia 30080

b

Area code and daytime telephone number ▶ 770·431·0888            Fax number ▶ 770·435·7608

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☑ owner of exclusive right(s)
☐ authorized agent of _____
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Russell W. Moody                                    Date ▶ 02-02-02

Handwritten signature (X) ▼
_____

**Mail
certificate
to:**

Name ▼
Russell W. Moody

Number/Street/Apt ▼
2401 Lake Park Drive, Suite 250

City/State/ZIP ▼
Smyrna, Georgia 30080

**9**

**YOU MUST**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable $30 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

**MAIL TO**
Register of Copyrights, Library of Congress
101 Independence Ave. S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection
with the application, shall be fined not more than $2,500.

EXHIBIT 3

Frank Betz Homes



# HOMEPLANS *Designed for Today's Market.*

## MONAHAN



| 1st Floor | 1788 sq. ft. |
|-----------|--------------|
| 2nd Floor | 639 sq. ft. |
| Total | 2427 sq. ft. |
| Opt. Bonus | 235 sq. ft. |

**Overall Dimensions: 59'-0" x 51'-0"**





*Floorplans and Elevations are subject to change. Floorplan dimensions are approximate. Consult working drawings for actual dimensions and information. Elevations are artists' conceptions.*

# CERTIFICATE OF REGISTRATION



**OFFICIAL SEAL**

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*



**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-126-444**



FFECTIVE DATE OF REGISTRATION

2-5-02
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

**TITLE OF THIS WORK ▼** No Construction Prior to: 2.01.02    **NATURE OF THIS WORK ▼** See instructions

Monahan    Architectural Work

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**
Homeplans, Designed for Today's Market

If published in a periodical or serial give: **Volume ▼** 25    **Number ▼**    **Issue Date ▼** February 2002    **On Pages ▼** 68

**2**
**a**

**NAME OF AUTHOR ▼** Frank Betz Associates, Inc.

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶ USA

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK** If the answer to either of these questions is "Yes," see detailed instructions.
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☑ Architectural work
☐ Design on sheetlike material

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK** If the answer to either of these questions is "Yes," see detailed instructions.
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work
☐ Design on sheetlike material

**3**

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases. 2001 ◄ Year

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published. Month ▶ February Day ▶ 1 Year ▶ 2002 USA ◄ Nation

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Frank Betz Associates, Inc.
2401 Lake Park Drive, Suite 250
Smyrna, Georgia 30080

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

See instructions before completing this space.

**APPLICATION RECEIVED** FEB 05 2002
**ONE DEPOSIT RECEIVED** FEB 05 2002
**TWO DEPOSITS RECEIVED**
**FUNDS RECEIVED**

DO NOT WRITE HERE
OFFICE USE ONLY

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page    DO NOT WRITE HERE

EXAMINED BY _____

CHECKED BY

☒ CORRESPONDENCE
   Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☒ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number ▼** _____ **Year of Registration ▼** _____

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

N/A

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

N/A

**6**

a

b

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼ _____  Account Number ▼ _____

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Frank Betz Associates, Inc.
2401 Lake Park Drive, Suite 250
Smyrna, Georgia 30080

Area code and daytime telephone number ▶ 770·431·0888    Fax number ▶ 770·435·7608

b

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶

☐ author
☐ other copyright claimant
☒ owner of exclusive right(s)
☐ authorized agent of _____

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Russell W. Moody    Date ▶ 02-02-02

Handwritten signature (X) ▼ _____

**Mail certificate to:**

Certificate will be mailed in window envelope

Name ▼
Russell W. Moody

Number/Street/Apt ▼
2401 Lake Park Drive, Suite 250

City/State/ZIP ▼
Smyrna, Georgia 30080

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable $20 filing fee in check or money order payable to Register of Copyrights
3. Deposit material

**MAIL TO:**
Register of Copyrights, Library of Congress
101 Independence Ave., S.E.
Washington, D.C. 20559-6000

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection
with the application, shall be fined not more than $2,500.

EXHIBIT 4



PLAN NUMBER 97249   4 BEDROOMS 3 BATHS

ELEGANT MASTER SUITE

- Arches accent the windows and interior openings of this home.
- 1,374 square feet on the main level. 1,311 square feet on the upper level.
- The kitchen and breakfast area have views of the fireplace in the two-story family room.
- With the laundry room on the upper level noise is more easily controlled.
- This home is designed with basement and crawlspace foundation options.
- Design © Frank Betz Associates, Inc.

PRICE CODE F

2,685 sq. ft.

UPPER LEVEL

MAIN LEVEL

FOR MORE INFORMATION AND TO ORDER PLANS, SEE PAGE 191 OR CALL

CHARLEMAGNE

EXHIBIT 5





Project N⁰ 0315



Boardman Estate Lot # 11

EXHIBIT 6



COPYRIGHT 2003, Arnouts Associates
All Rights Reserved.



KBL / LOT # II Pending  Boardman Estates
Project No. O22I        12/13/02
ARNOUTS ASSOCIATES / Architects

Feb 14 03 04:46p    Robert H. Arnouts    845-473-5314    p.1



COPYRIGHT 2003, Arnouts Associates
All Rights Reserved.

# ARNOUTS ASSOCIATES
### 87 CANNON STREET · POUGHKEEPSIE · NEW YORK · 12601
PHONE (845) 473 - 5249  FAX (845) 473 - 5314

Project
Number: 0301

Issued
Date:  2/14/03    KBL / Lot No. 10

JUSTIN III
Pending, Boardman Estates



KBL / LOT # 11 Pending  Boardman Estates
Project No. 0221    12/13/02
ARNOUTS ASSOCIATES / Architects



KBL / LOT # II Pending  Boardman Estates
Project No. 0221a      12/16/02
ARNOUTS ASSOCIATES / Architects



KBL / LOT # 11 Pending  Boardman Estates
Project No. 0221     12/13/02
ARNOUTS ASSOCIATES / Architects

EXHIBIT 7



ELEVATIONS
PROPOSED NEW SINGLE FAMILY RESIDENCE
THOMAS





EXHIBIT 8



# Arnouts Architecture
### Founded 1973

**Robert A. Arnouts / Architect**
**P.O. Box 1511**
**Easton,, Maryland 21601**
**Phone: 1- 410-822-1677, Fax: 410-822-9963 E-mail: rarnouts@netzero.net**

 
 

Members, American Institute of Architects, Certified By NCARB, Licensed in Maryland, New York, New Jersey, Connecticut & Mass

**"AMY" / Betz Monahan**
**3,375 sf.**
**Nouveau traditional style two bedrooms on second floor**
**Master bedroom suite on first floor**
**Two and a half bathrooms**
**Two car garage**
**First floor 2,307 sf. Second floor 1,067 sf.**



Click here to view floor plans

[About Us] [About Our Plans] [House Plans] [How To Order] [ Sample Plans] [Home]

Copyright © 2005, Robert A. Arnouts - Another Poughkeepsie Journal Website

Arnouts Architecture - Amy_Floor Plans

Page 1 of 2



# Arnouts Architecture
### Founded 1973

| About Us | About Our Plans | House Plans | How To Order | Sample Plans |

**Robert A. Arnouts / Architects**
**P.O. Box 1511**
**Easton,, Maryland 21601**
Phone: 1- 410-822-1677, Fax: 410-822-9963 E-mail: rarnouts@netzero.net



Members, American Institute of Architects, Certified By NCARB, Licensed in Maryland, New York, New Jersey, Connecticut & Massa

**"AMY"**
3,375 sf.
First floor 1,349 sf. Second floor 1,280 sf.
[Order Plans]



FIRST FLOOR PLAN

Arnouts Architecture - Amy_Floor Plans                                    Page 2 of 2



SECOND FLOOR PLAN

SCALE: 3/32"= 1'-0"

[About Us] [About Our Plans] [House Plans] [How To Order] [Sample Plans] [Home]

Copyright & copy;2005, Robert A. Arnouts - Another Poughkeepsie Journal Website

EXHIBIT 9





743. JPG



742 . JPG



744. JPG



**WARD NORRIS HELLER & REIDY LLP**
Jeremy J. Best [JB 1785]
300 State Street
Rochester, New York 14614
(585) 454-0700
*Attorneys for Plaintiff*
*Frank Betz Associates, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Frank Betz Associates, Inc., | |
| Plaintiff, | **AMENDED COMPLAINT** |
| vs. | Civ. Action No.: 07-cv-0554 (AJP) |
| Kevin Lund, KBL Corp., Robert Arnouts, and Arnouts Associates Architects and Planners, Inc., | ECF CASE JURY DEMANDED |
| Defendants. | |

Plaintiff Frank Betz Associates, Inc. ("Betz") alleges the following against Kevin Lund ("Kevin Lund"), KBL Corp. ("KBL Corp."), Robert Arnouts ("Arnouts"), and Arnouts Associates Architects and Planners, Inc. ("Arnouts Associates"), sometimes collectively referred to as ("Defendants"):

### PARTIES, JURISDICTION AND VENUE

1.    Betz is a Georgia corporation having its principal place of business in Smyrna, Georgia.

2.    On information and belief, Defendant Kevin Lund is a resident of Poughkeepsie, New York.

3.    On information and belief, Defendant KBL Corp. is a New York corporation with its principal place of business in Poughkeepsie, New York.

4.    On information and belief, Defendant Arnouts is an architect licensed in New York, New Jersey, Connecticut, and Maryland, and currently resides in Easton, Maryland. On information and belief, Arnouts was a citizen and resident of Poughkeepsie, New York and operated a studio in Poughkeepsie, New York during all relevant times, including at least from 2002 through November 2005.

5.    On information and belief, Defendant Arnouts Associates Architects, Inc. is a New York corporation with its principal place of business in Poughkeepsie, New York.

6.    On information and belief, Defendant Arnouts was and is the principal, controlling owner, and operator of Defendant Arnouts Associates.

7.    This is an action at law and in equity for copyright infringement arising under the laws of the United States of America, codified at 17 U.S.C. §§ 101 *et seq.*

8.    This court has exclusive federal jurisdiction over the subject matter of the plaintiff's claim under 28 U.S.C. § 1338.

9.    The defendants are subject to the personal jurisdiction of this Court because they solicit and/or transact business in this district on a regular basis, because acts complained of herein occurred and are occurring in this district, and because the defendants' conduct has caused injury in this district.

10.    Venue in this district is proper under 28 U.S.C. § 1400(a) in that the defendants reside, conduct business or may be found in this district.

## FACTUAL BACKGROUND

<u>Betz and Its Original Works</u>

11.    Betz is engaged in the business of creating, designing, producing, distributing, and marketing original architectural works, architectural working drawings, and related technical drawings. Betz has achieved national recognition for the quality and originality of its work.

12.    As part of its business, Betz has created the following architectural works (collectively referred to, along with any predecessors or derivatives thereof, as the "Betz Designs"):

Prior to February 1, 2002, Betz created the "Drexel," a representative rendering and floor plan of which is attached hereto as Exhibit "1." The copyright in this work has been registered with the United States Copyright Office as evidenced by Certificate of Registration No. VA 1-126-451, effective February 5, 2002.

Prior to August 1, 2002, Betz created the "Quail Ridge," a representative rendering and floor plan of which is attached hereto as Exhibit "2." The copyright in this work has been registered with the United States Copyright Office as evidenced by Certificate of Registration No. VA 1-173-478, effective September 3, 2002.

Prior to August 1, 1997, Betz created the "Cottonwood," a representative rendering and floor plan of which is attached hereto as Exhibit "3." The copyright in this work has been registered with the

United States Copyright Office as evidenced by Certificate of Registration No. VA 1-032-642, effective August 25, 2000.

13.   The Betz Designs contain material wholly original to Betz that is copyrightable subject matter under 17 U.S.C. §§ 101 *et seq.*

14.   Betz is currently, and at all relevant times has been, the sole owner of all right, title and interest in and to the copyrights in the Betz Designs.

15.   All lawful copies and distributions of the Betz Designs have been made by Betz, or under Betz's consent or permission.

16.   The Betz Designs have been marketed and distributed on at least a nationwide basis, and the defendants have had access to them.

The Defendants and Their Actions

17.   Kevin Lund is the principal of KBL Corp.

18.   On information and belief, KBL Corp. is a home building and development company.

19.   On information and belief, Kevin Lund and KBL Corp. constructed a home at 13 Kimlin Court in Poughkeepsie, New York from plans that infringe upon the Betz "Cottonwood" design, and the home itself is an infringement of the Betz "Cottonwood" design.

20.   Defendant Arnouts has had and has a financial interest in the affairs and activities of the Defendant Arnouts Associates.

21.   Defendant Arnouts has controlled and controls or has had and has the power to control the affairs and activities of the Defendant Arnouts Associates.

4

22.  Defendant Arnouts has supervised and supervises or has had and has the power to supervise the affairs and activities of the Defendant Arnouts Associates.

23.  Defendants Kevin Lund and KBL Corp. have been engaged, at least in part, in the business of publishing, distributing, marketing, advertising, and selling homes and home designs through traditional print media and in marketing, advertising, constructing, and selling homes according to such designs.

24.  Defendants Arnouts and Arnouts Associates are in the business of designing, drafting, modifying, marketing, advertising, and selling home plan designs through traditional print media and the World Wide Web.

25.  Defendants Kevin Lund and KBL Corp. have taken copies of the Betz Designs from various sources and provided them to Defendants Arnouts and Arnouts Associates, along with other architects and/or draftsmen, for copying and/or modification, and the modified designs were then used by Kevin Lund and KBL Corp. for the construction of infringing homes (the copied and modified designs are referred to herein as the "Infringing Designs").

26.  Defendants have copied, modified, published, distributed, marketed, advertised, and constructed homes from certain architectural designs for homes, each consisting of a floor plan and exterior elevations that infringe on the Betz Designs.

27.  On information and belief, Defendants Kevin Lund and KBL Corp. have marketed, advertised, constructed, are constructing, and/or sold at least one (1) home in the Boardman Estates Subdivision in or around Poughkeepsie, New York that is based on and constructed from an Infringing Design, including but not

limited to the home constructed on Lot 3 of the Boardman Estates Subdivision ("Lot 3 Home"). A photocopy of a picture of the Lot 3 Home is attached hereto as Exhibit 4.

28.     On information and belief, Defendants Kevin Lund and KBL Corp. have marketed, advertised, constructed, are constructing, and/or sold at least one (1) home on Pattie Place in Wappinger Falls, New York that is based on and constructed from an Infringing Design ("Pattie Place Home"). On information and belief, Defendants Arnouts and Arnouts Associates copied and/or modified the Betz Design, the "Quail Ridge" to come up with the plan from which the Pattie Place Home was built. A photocopy of a picture of the Pattie Place Home is attached hereto as Exhibit 5.

29.     On information and belief, Defendants Kevin Lund and KBL Corp. have marketed, advertised, constructed, are constructing, and/or sold at least one (1) home in or around Poughkeepsie, New York that is based on and constructed from an Infringing Design, including but not limited to the home constructed at 13 Kimlin Court, Poughkeepsie, New York ("Kimlin Court Home"). On information and belief, Defendants Arnouts and Arnouts Associates copied and/or modified the Betz Design, the "Quail Ridge" to come up with the plan from which the Kimlin Court Home was built. A photocopy of a picture of the Kimlin Court Home is attached hereto as Exhibit 6.

### COPYRIGHT INFRINGEMENT
(17 U.S.C. §§ 101 *et seq.*)

30.    Betz reiterates and realleges the above allegations.

31.    Defendants have violated and continue to violate Betz's exclusive rights in the
Betz Designs (including the right to reproduce, right to prepare derivative works,
and right to vend) by copying, modifying, publishing, distributing, advertising,
marketing, selling, and/or constructing homes from architectural works which
were copies or otherwise derived from the Betz Designs, in that the Lot 3 Home,
the Pattie Place Home, and the Kimlin Court Home constructed and/or under
construction (and any copies of derivatives thereof under the same name or a
different name) infringe Betz Designs (and any predecessor or derivative thereof):

> The defendants' "Infringing Designs" (and any copies or
> derivatives thereof under the same name or a different name) infringe
> Betz's "Drexel", "Quail Ridge", and "Cottonwood" designs (and any
> predecessor or derivative thereof).

32.    The Defendant Arnouts, with knowledge of the infringing activity, induced,
caused or materially contributed to the above-alleged infringement of the
Defendant Arnouts Associates.

33.    In addition to direct liability, the Defendant Arnouts is vicariously liable for the
above-discussed copyright infringement in that he had the right and ability to
supervise the infringing activity and he had a direct financial interest in such
activities.

34.    As a direct and proximate result of Defendants' wrongful conduct, Betz has been
damaged.

7

35. Defendants' infringement of Betz's copyright has been and continues to be committed willfully.

36. Betz generally avers that all conditions precedent to its right of recovery has occurred or has been performed.

## RELIEF SOUGHT

WHEREFORE, Betz prays that this honorable Court do the following:

37. Permanently enjoin and restrain the defendants, its officers, directors, principals, agents, servants, employees, successors, and assigns, and all those in active concert or participation with it, from:

   a. imitating, copying, or making any unauthorized use of the Betz Designs or any predecessors or derivatives thereof in any manner, and from publishing, distributing, selling, advertising, marketing, building, constructing or otherwise disposing of any copies or derivatives of the Betz Designs and derivatives thereof;

   b. manufacturing, producing, building, constructing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any product bearing any simulation, reproduction, counterfeit, copy, derivative, or colorable imitation of the Betz Designs and any predecessors or derivatives thereof; and

   c. using any simulation, reproduction, counterfeit, copy, derivative, or colorable imitation of the Betz Designs or any predecessors or derivatives thereof, in connection with the promotion, advertisement, display, sale,

offering for sale, manufacture, production, building, construction, circulation, or distribution of any product or service.

38.    Direct the defendants to deliver up to be impounded during the pendency of this action under 17 U.S.C. § 503 all copies or derivatives of the Betz Designs or of any predecessors or derivatives thereof in the defendants' possession or under the defendants' control and to deliver up for destruction all infringing copies and all devices used for making such infringing copies, including any homes that have been constructed in violation of Betz's copyright.

39.    Direct the defendants to disclose to Betz the names and addresses of all persons and entities who have purchased or licensed the Infringing Designs, who have had homes constructed from it, or have purchased homes constructed from it.

40.    Direct the defendants to issue a recall notice to each person who has purchased or licensed the Infringing Designs or who has had a home constructed from the Infringing Designs, informing each such person that the Infringing Designs has been determined to constitute an infringement of Betz's copyright and that the person cannot resell or vend the Infringing Designs or any home constructed from it without the permission of Betz.

41.    Direct the defendants to pay Betz such damages as the jury determines Betz has sustained in consequence of defendants' infringing Betz's copyright, and to account for all gains, profits, and advantages derived by defendants by their infringement of Betz's copyright under 17 U.S.C. § 504(b), or at Betz's election, statutory damages under 17 U.S.C. § 504(c), which permits a recovery of up to $150,000 for infringement of each copyrighted work.

9

42.    Direct the defendants to pay Betz's costs of this action and its reasonable attorney's fees allowable to Betz by the Court under 17 U.S.C. § 505.

43.    Award to Betz such other and further relief as the Court may consider appropriate.

44.    Betz requests a jury trial as to all matters other than the equitable remedies sought herein.

Respectfully submitted,

Jeremy J. Best (Fed. I.D. No.: JB 1785)
Ward Norris Heller & Reidy, LLP
300 State Street
Rochester, NY 14614
Telephone: 585-454-0749
Facsimile: 585-423-5910
Email: jjb@wnhr.com

Of Counsel:

Troy A. Tessier (D.S.C. I.D. No. 6863)
WYCHE BURGESS FREEMAN & PARHAM, P.A.
Post Office Box 728
Greenville, South Carolina 29602-0728
Telephone: (864) 242-8200
Facsimile: (864) 235-8900
ttessier@wyche.com

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT 1**

**BETZ'S "DREXEL" DESIGN**

Frank Betz Homes



# HOMEPLANS *Designed for Today's Market*

## DREXEL



| | | |
|---|---|---|
| 1st Floor | | 1321 sq. ft. |
| 2nd Floor | | 1307 sq. ft. |
| Total | | 2628 sq. ft. |

**Overall Dimensions:** 56'-0" x 41'-6"





*Floorplans and Elevations are subject to change. Floorplan dimensions are approximate. Consult working drawings for actual dimensions and information. Elevations are artists' conceptions.*

# CERTIFICATE OF REGISTRATION

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*

OFFICIAL SEAL

## FORM VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1-126-451

2-5-02
Month  Day  Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** TITLE OF THIS WORK ▼ No Construction prior to: 2-01-02    NATURE OF THIS WORK ▼ See instructions
Drexel    Architectural work

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼
Homeplans, Designed for Todays Market
If published in a periodical or serial give: Volume ▼ 25    Number ▼    Issue Date ▼ February 2002    On Pages ▼ 4C

**2** a NAME OF AUTHOR ▼ Frank Betz Associates, Inc.    DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?  ☑ Yes  ☐ No    AUTHOR'S NATIONALITY OR DOMICILE Name of Country  OR { Citizen of ▶ USA    Domiciled in ▶ USA }    WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK    Anonymous? ☐ Yes ☑ No    Pseudonymous? ☐ Yes ☑ No  If the answer to either of these questions is 'Yes,' see detailed instructions.

NOTE
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NATURE OF AUTHORSHIP Check appropriate box(es). See instructions.
☐ 3-Dimensional sculpture  ☐ Map  ☐ Technical drawing
☐ 2-Dimensional artwork  ☐ Photograph  ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☑ Architectural work
☐ Design on sheetlike material

NAME OF AUTHOR ▼    DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?  ☐ Yes  ☐ No    AUTHOR'S NATIONALITY OR DOMICILE Name of Country  OR { Citizen of ▶    Domiciled in ▶ }    WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK    Anonymous? ☐ Yes ☐ No    Pseudonymous? ☐ Yes ☐ No  If the answer to either of these questions is 'Yes,' see detailed instructions.

NATURE OF AUTHORSHIP Check appropriate box(es). See instructions.
☐ 3-Dimensional sculpture  ☐ Map  ☐ Technical drawing
☐ 2-Dimensional artwork  ☐ Photograph  ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design  ☐ Architectural work
☐ Design on sheetlike material

**3** a YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given in all cases.    2001 ◀ Year    b DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK Complete this information ONLY if this work has been published.  Month ▶ February  Day ▶ 1  Year ▶ 2002    Nation ▶ USA

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Frank Betz Associates, Inc.
2401 Lake Parc Drive, Suite 250
Smyrna, Georgia 30080

APPLICATION RECEIVED FEB 05 2002
ONE DEPOSIT RECEIVED FEB 05 2002
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

See instructions before completing this space.

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

| | |
|---|---|
| EXAMINED BY | FORM VA |
| CHECKED BY | |
| CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☑ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼ _____ **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

*N/A*

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

*N/A*

**6**

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name** ▼                                   **Account Number** ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. **Name/Address/Apt/City/State/ZIP** ▼

*Frank Betz Associates, Inc.*
*2401 Lake Park Drive, Suite 250*
*Smyrna, Georgia 30080*

Area code and daytime telephone number ▶ *770-431-0888*   Fax number ▶ *770-435-7608*

**7**

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☑ owner of exclusive right(s)
☐ authorized agent of _____

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

*Russell W. Moody*   Date ▶ *02-02-02*

Handwritten signature (X) ▼

**8**

**Mail certificate to:**

**Name** ▼
*Russell W. Moody*
**Number/Street/Apt** ▼
*2401 Lake Park Drive, Suite 250*
**City/State/ZIP** ▼
*Smyrna, Georgia 30080*

Certificate will be mailed in window envelope

• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable $30 filing fee in check or money order payable to Register of Copyrights
3. Deposit material

**MAIL TO:**
Register of Copyrights, Library of Congress
101 Independence Ave, S.E.
Washington, D.C. 20559-6000

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration...*

**EXHIBIT 2**

**BETZ'S QUAL RIDGE" DESIGN**

Frank Betz Homes                                                    Page 1 of 1



# HOMEPLANS *Designed for Today's Market*

## QUAIL RIDGE



| 1st Floor | 1125 sq. ft. |
|---|---|
| 2nd Floor | 1062 sq. ft. |
| Total | 2187 sq. ft. |
| Opt. Bonus | 229 sq. ft. |

**Overall Dimensions: 45'-0" x 42'-4"**





*Floorplans and Elevations are subject to change. Floorplan dimensions are approximate. Consult working drawings for actual dimensions and information. Elevations are artists' conceptions.*

**CERTIFICATE OF REGISTRATION**

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 1-173-478**

EFFECTIVE DATE OF REGISTRATION

**SEP 03 2002**
Month    Day    Year

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS

OFFICIAL SEAL

United States of America

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

---

**1**  TITLE OF THIS WORK ▼ No Construction Prior to: 8.1.02    NATURE OF THIS WORK ▼ See instructions
Quail Ridge    Architectural Work

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼
Homeplans Designed for Today's Market
If published in a periodical or serial give: Volume ▼ 26    Number ▼    Issue Date ▼ August 2002    On Pages ▼ 45

---

**2**  **a**  NAME OF AUTHOR ▼
Frank Betz Associates, Inc.
DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR ⎰ Citizen of ▶ USA
    ⎱ Domiciled in ▶ USA

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☒ No
Pseudonymous?    ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NATURE OF AUTHORSHIP  Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☒ Architectural work
☐ Design on sheetlike material

NAME OF AUTHOR ▼
DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR ⎰ Citizen of ▶
    ⎱ Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☐ No
Pseudonymous?    ☐ Yes ☐ No

NATURE OF AUTHORSHIP  Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work
☐ Design on sheetlike material

---

**3**  **a**  YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED  This information must be given    2002 ◄Year in all cases.
**b**  DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK  Complete this information ONLY if this work has been published.    Month ▶ August    Day ▶ 1    Year ▶ 2002    USA ◄Nation

---

**4**  COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Frank Betz Associates, Inc.
2401 Lake Park Drive, Suite 250
Smyrna, Georgia 30080

See instructions before completing this space

APPLICATION RECEIVED
SEP 03 2002
ONE DEPOSIT RECEIVED
SEP 03 2002
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

---

MORE ON BACK ▶    • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.    • See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of __ pages

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

PREVIOUS REGISTRATION Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☑ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

DERIVATIVE WORK OR COMPILATION  Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

N/A

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

N/A

**6**

a

See instructions
before completing
this space.

b

DEPOSIT ACCOUNT  If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                Account Number ▼

**7**

a

CORRESPONDENCE  Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼

Frank Betz Associates, Inc.
2401 Lake Park Drive, Suite 250
Smyrna, Georgia  30080

Area code and daytime telephone number ▶ 770-431-0888        Fax number ▶ 770-435-7608

b

CERTIFICATION*  I, the undersigned, hereby certify that I am the

check only one ▶  ☐ author
☐ other copyright claimant
☑ owner of exclusive right(s)
☐ authorized agent of _____
                    Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼  If this application gives a date of publication in space 3, do not sign and submit it before that date.

Russell W. Moody                        Date ▶  8.30.02

Handwritten signature (X) ▼

Mail
certificate
to:

Certificate
will be
mailed in
window
envelope

Name ▼  Russell W. Moody
Number/Street/Apt ▼  2401 Lake Park Drive, Suite 250
City/State/ZIP ▼  Smyrna, Georgia  30080

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $30 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

MAIL TO:
Register of Copyrights, Library of Congress
101 Independence Ave. S.E.
Washington, D.C. 20559-6000

**9**

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

REV: 1997—300,000    ✿ PRINTED ON RECYCLED PAPER        ☆U.S. GOVERNMENT PRINTING OFFICE: 1997-417-160/60,036

**EXHIBIT 3**

**BETZ'S "COTTONWOOD" DESIGN**

 **HOMEPLANS**
*Designed for Today's Market.*

## COTTONWOOD



*Floorplans and Elevations are subject to change. Floorplan dimensions are approximate. Consult working drawings for actual dimensions and information. Elevations are artists' conceptions.*



## COTTONWOOD



*Floorplans and Elevations are subject to change. Floorplan dimensions are approximate. Consult working drawings for actual dimensions and information. Elevations are artists' conceptions.*



## HOMEPLANS
*Designed for Todays Market.*

## COTTONWOOD



SECOND FLOOR PLAN

*Floorplans and Elevations are subject to change. Floorplan dimensions are approximate. Consult working drawings for actual dimensions and information. Elevations are artists' conceptions.*

# CERTIFICATE OF REGISTRATION

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS

United States of America

OFFICIAL SEAL

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT ...

REG ....

VA 1-032-642

EFFECTIVE DATE OF REGISTRATION

AUG 25 2000
Month    Day    Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** TITLE OF THIS WORK ▼ NO Construction prior to: 4.18.97
Cottonwood

NATURE OF THIS WORK ▼ See instructions
Architectural work

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼
Homeplans, Designed for Todays Market

If published in a periodical or serial give: Volume ▼ 16    Number ▼    Issue Date ▼ August 1997    On Pages ▼ 78

**2** NAME OF AUTHOR ▼
**a** Frank Betz Associates, Inc.

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶ USA

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

NOTE

NATURE OF AUTHORSHIP Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☑ Architectural work
☐ Design on sheetlike material

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work
☐ Design on sheetlike material

**3** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given in all cases. 1997 ◀ Year in all cases.

DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK Complete this information ONLY if this work has been published. Month ▶ August Day ▶ Year ▶ 1997 Nation USA

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Frank Betz Associates, Inc.
2401 Tate Park Drive, Suite 250
Smyrna, Georgia 30080

APPLICATION RECEIVED AUG 25 2000
ONE DEPOSIT RECEIVED AUG 25 2000
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

TRANSFER If the claimant(s) named here in space 4 (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

CHECKED BY

☐ CORRESPONDENCE
   Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☑ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☑ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼         Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

N/A

**6**

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

N/A

a

b

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                    Account Number ▼

**7**

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼

Frank Betz Assocts, Inc.
2401 Lake Park Drive, Suite 250
Smyrna, Georgia 30080

b

Area code and daytime telephone number ▶ 770.431.0888        Fax number ▶ 770.435.7608

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☑ owner of exclusive right(s)
☐ authorized agent of

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Russell W. Moody                                    Date ▶ 8.25. 20__

Handwritten signature (X) ▼

**9**

Mail
certificate
to:

Certificate
will be
mailed in
window
envelope

Name ▼
Russell W. Moody
Number/Street/Apt ▼
2401 Lake Park Drive, Suite 250
City/State/ZIP ▼
Smyrna, Georgia 30080

YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $20 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

MAIL TO:
Register of Copyrights, Library of Congress
101 Independence Ave., S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

April 1997—300,000        ♻ PRINTED ON RECYCLED PAPER        ☆U.S. GOVERNMENT PRINTING OFFICE: 1997–417-730/40,026

**EXHIBIT 4**

**DEFENDANTS' "LOT 3 HOME"**



**EXHIBIT 5**

**DEFENDANTS' "PATTIE PLACE HOME"**



**EXHIBIT 6**

**DEFENDANTS' "KIMLIN COURT HOME"**

