UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
KBL CORP.,

                                    Plaintiff,

            -against-                                    Civil Case No. 08-CV-4873-JGK

ROBERT A. ARNOUTS, ARNOUTS ASSOCIATES
ARCHITECTS, INC.,

                                    Defendants.
--------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF ROBERT A. ARNOUTS'
AND ARNOUTS ASSOCIATES ARCHITECTS, INC.'S
<u>MOTION TO DISMISS KBL CORP.'S COMPLAINT</u>**

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................i-ii

TABLE OF AUTHORITIES.........................................................iii-vi

INTRODUCTION....................................................................1

PRELIMINARY STATEMENT....................................................1-2

STATEMENT OF FACTS..........................................................2-4

ARGUMENT.........................................................................5-13

POINT I: KBL'S COMPLAINT SEEKING
INDEMNIFICATION FAILS TO STATE
A CLAIM UPON WHICH RELIEF CAN
BE GRANTED WHEREIN KBL WAS
SUED FOR ITS OWN WRONGDOING ...................................6-9

POINT II: KBL'S CLAIM FOR
CONTRIBUTION FAILS TO STATE A
CAUSE OF ACTIONON THE GROUNDS
THAT THERE IS NO RIGHT UNDER
THE COPYRIGHT STATUTE OR
FEDERAL COMMON LAW TO
CONTRIBUTION FROM AN ALLEGED
CO-INFRINGER AND PURSUANT TO
NEW YORK GENERAL OBLIGATIONS
LAW SECTION 15-108 WHEREIN KBL
SETTLED ITS ACTIONS WITH BETZ FOR
WHICH IT NOW SEEKS CONTRIBUTION...............................9-11

    A. KBL's Claim For Contribution Fails
       to State a Cause of Action Because There
       is No Right Under the Copyright Statute
       or Federal Common Law to Contribution
       From an Alleged Co-Infringer............................................9-10

    B. KBL's Claim For Contribution Fails
       to State a Cause of Action Pursuant to
       New York General Obligations Law Section 15-108..............10-11

POINT III: KBL'S CLAIM FOR DAMAGES
PREDICATED UPON "INDUCEMENT TO
INFRINGE" FAILS TO STATE A CAUSE OF

ACTION ON THE GROUNDS THAT THERE
IS NO UNDERLYING FINDING OF DIRECT
OR ACTUAL INFRINGEMENT ..................................................11-13

CONCLUSION ............................................................13

## TABLE OF AUTHORITIES

### FEDERAL STATUTES AND RULES

17 U.S.C. 101 *et seq*.............................................................................1

Federal Rules of Civil Procedure §12(b)(6).............................................1, 5, 14

### NEW YORK STATUTES

NY Gen. Ob. L § 15-108(c) (West 2008)

### FEDERAL CASES

*2 Broadway L.L.C. v. Credit Suisse First Boston Mortg. Capital L.L.C.*
2001 WL 410074 (S.D.N.Y. 2001) ...................................................6

*Albright v. Oliver,*
510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994) ...........................................5

*Branum v. Clark,*
927 F.2d 698, 705 (2d Cir. 1991) ......................................................6

*Brass v. American Film Techs., Inc.,*
987 F.2d 142, 150 (2d Cir. 1993) ......................................................6

*Conley v. Gibson,*
355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 (1957) ........................................5

*Conrad v. Beck-Turek, Ltd.,*
891 F. Supp. 962, 965-66 (S.D.N.Y. 1995) ...........................................11

*Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47
(2d Cir. 1991), *cert. denied,* 503 U.S. 960, 112 S.Ct. 1561 (1992) ...............5

*Deepsouth Packing Co. v. Laitram Corp.,*
406 U.S. 518, 526, 92 S.Ct. 1700, 32 L.Ed.2d 273 (1972) ........................12

*Elektra Entertainment Grp. v. Santangelo,*
No. 06 Civ. 11520, 2008 WL 461536 at *2 (S.D.N.Y. 2008) ....................9, 10, 12

*Faulkner v. Nat'l Geographic Enterprises Inc.,*
409 F.3d 26, 40 (2d Cir. 2005) ......................................................12, 13

*Fonte v. Bd. of Mgrs of Continental Towers Condo.,*
848 F.2d 24, 25 (2d Cir. 1988) ......................................................5

*Geisler v. Petrocelli,*
616 F.2d 636, 639 (2d Cir. 1980) .................................................5

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.,*
443 F.2d 1159, 1162 (2d Cir. 1971) ............................................12

*Gonzalez v. Armac Ind., Ltd.,*
756 F. Supp. 165, 169-70 (S.D.N.Y. 1991) ...........................7, 8, 11

*Greene v. WCI Holdings Corp.,*
956 F.Supp. 509, 514 -515 (S.D.N.Y. 1997) ...............................6

*GSI Group, Inc. v. Zim Integrated Shipping Svcs., Ltd.,*
No. 06 Civ. 1707, 2008 WL 2403431 at *6 (S.D.N.Y. 2008) ...................11

*Hishon v. King & Spalding,*
467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) ...........................5, 6

*Johns v. Town of East Hampton,*
942 F.Supp. 99, 104 (E.D.N.Y. 1996) ........................................6

*Kopec v. Coughlin,,*
922 F.2d 152, 155-56 (2d Cir. 1991) .......................................5

*Kramer v. Time Warner, Inc.,*
937 F.2d 767, 773 (2d Cir. 1991) .........................................5

*Lehman Bros. Inc. v. Wu,*
294 F.Supp.2d 504, 504-05 (S.D.N.Y. 2003) .........................9, 10, 12

*Marvullo v. Gruner & Jahr,*
105 F.Supp.2d 225, 229 (S.D.N.Y. 2000) ...................................12

*Matthew Bender & Co. v. West Publ'g Co.,*
158 F.3d 693, 706 (2d Cir. 1998) ........................................12

*Monaghan v. SZS Associates, L.P.,*
73 F.3d 1276, 1284-85 (2d Cir. 1996) ...................................7, 8

*New York State Electric & Gas Corp. v. Firstenergy Corp.,*
No. 3:03-CV-0438, 2007 WL 1434901 at *6 (N.D.N.Y. 2007) ................10

*Oravec v. Sunny Isles Luxury Ventures, L.C.,*
469 F.Supp.2d 1148, 1174 (S.D. Fla. 2006) .............................12

*Orsini v. Kugel*,
9 F.3d 1042, 1046 (2d Cir. 1993) ............................................................11

*Overseas Nat'l Airways v. U.S.*,
766 F.2d 97, 102 (2d Cir. 1985) ..................................................7, 8, 11

*Pure Country Weavers, Inc. v. Bristar, Inc.*,
410 F.Supp.2d 439, 448 (W.D.N.C. 2006) ........................................10, 12, 13

*Reinhardt v. Wal-Mart Stores, Inc.*,
547 F.Supp.2d 346, 353 (S.D.N.Y. 2008) ............................................12

*Ricciuti v. New York City Transit Auth.*,
941 F.2d 119, 124 (2d Cir. 1991) ...................................................5

*Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*,
748 F.2d 774, 779 (2d Cir. 1984) ....................................................5

*Texas Indus., Inc. v. Radcliffe Materials*,
451 U.S. 630, 638, 101 S.Ct. 2068, 68 L.E.2d 500 (1991) ......................9

*Too, Inc. v. Kohl's Dep't Stores, Inc.*,
213 F.R.D. 138, 140-142 (S.D.N.Y.) ..............................................10

*Warner Bros. Entertainment Inc. v. Ideal World Direct*,
516 F.Supp.2d 261, 267-68 (S.D.N.Y. 2007) .....................................12

## STATE CASES

*County of Westchester v. Welton Becket Associates*,
102 A.D.2d 34, 478 N.Y.S.2d 305, 314 (N.Y. App. Div. 2d Dep't 1984)......7

*Cover v. Cohen*, 113 A.D.2d 502, 511,
497 N.Y.S.2d 382, 388 (N.Y. App. Div. 2d Dep't 1985) .......................11

*Edge Mgt. Consulting, Inc. v. Blank*, 25 A.D.3d 364, 367,
807 N.Y.S.2d 353, 357 (N.Y. App. Div. 1st Dep't 2006) .......................8

*Gap, Inc. v. Fisher Dev. Inc.*,
27 A.D.3d 209, 819 N.Y.S.2d 456 (N.Y. App. Div. 1st Dep't 2006) ...........8

*Gonzalez v. Armac Indus., Ltd.*,
81 N.Y.2d 1, 6, 595 N.Y.S.2d 360, 362, 611 N.E.2d 261, 263 (N.Y. 1993) ...11

*Kagan v. Jacobs*,
260 A.D.2d 442, 687 N.Y.S.2d 732, 733 (N.Y. App. Div. 2d Dep't 1999) ....8

*Lang v. Warner,*
121 A.D.2d 514, 504 N.Y.S.2d 18 (N.Y. App. Div. 2d Dep't 1986) ...........8

*Rockefeller University v. Tishman Construction Corp. of New York,*
232 A.D.2d 155, 647 N.Y.S.2d 513 (N.Y. App. Div. 1st Dep't 1996) .........8

*Trump Village Section 3, Inc. v. New York State Housing Finance Agency,*
307 A.D.2d 891, 896, 764 N.Y.S.2d 17, 22
(N.Y. App. Div. 1st Dep't 2003) ...................................................7

*Trustees of Columbia University v. Mitchell/Giurgola Associates,*
109 A.D.2d 449, 492 N.Y.S.2d 371 (N.Y. App. Div. 1st Dep't 1985) ..........8

## SECONDARY SOURCES

2A James Wm. Moore, Moore's Federal Practice,
¶ 12.07[2.-5], at 12-89 (2d ed. 1995) ..............................................5

5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure:*
Civil 2d § 1327, at 762-63 (2d ed. 1990) ......................................6

## INTRODUCTION

Defendants Robert A. Arnouts ("Arnouts") and Arnouts Associates Architects, Inc. ("Arnouts Associates") (collectively referred to herein as the "moving defendants" or the "Arnouts Defendants") respectfully submit this memorandum of law in support of their motion to dismiss plaintiff KBL Corp.'s ("KBL's") Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. For the reasons set forth below, and in the accompanying Declaration of Thomas M. Fleming II, dated July 10, 2008 (the "Fleming Decl."), the Arnouts Defendants' motion should be granted in its entirety.

## PRELIMINARY STATEMENT

KBL's Complaint is a transparent attempt by KBL to seek contribution and indemnification from the Arnouts Defendants for matters which KBL had previously chosen to resolve by settlement with Frank Betz Associates ("Betz"). Furthermore, KBL's Complaint is a patent and obvious attempt by KBL to circumvent the proper procedure in the underlying Betz matters for which it seeks contribution -- which would have properly been to implead the Arnouts Defendants as Third-Party Defendants to the extent necessary.

Initially, the underlying premise relied upon by KBL, *i.e.*, that this case is a copyright action under 17 U.S.C. 101 *et seq.*, is faulty and inherently flawed. Although the underlying Betz complaints for which KBL now seeks contribution and indemnification did set forth allegations related to copyright infringement, those matters were ultimately voluntarily settled by KBL prior to judgment or any findings of fact by the Court or trier of fact. Accordingly, there was no finding of direct or actual copyright infringement with respect to the Betz actions. As such, this derivative action, which is wholly dependent upon the underlying actions brought by Betz, is clearly outside the realm of copyright. Despite being cloaked in the language of

1

copyright and infringement, the action at bar amounts to little more than a claim for contribution and indemnification that cannot lie under prevailing New York law for the reasons set forth below. Specifically, KBL's Complaint against the Arnouts Defendants should be dismissed for the following reasons:

- First, KBL's Complaint, to the extent that it seeks common law indemnification, cannot lie. In this regard, wherein Betz, in the underlying complaints, sued KBL for its own independent acts of wrongdoing, *i.e.*, building the alleged infringing homes, New York law does not recognize a cause of action sounding in common law, or implied, indemnification;

- Second, KBL's Complaint, to the extent that it seeks contribution, fails under prevailing, well-settled New York law because KBL agreed to settle its claims with Betz, thereby "buying its peace" and forfeiting its rights to contribution; and

- Third, all of KBL's claims at bar are predicated upon an underlying assumption that the plans in question indeed did infringe upon Betz's relevant design. However, where KBL voluntarily chose to settle the underlying matters with Betz as set forth in its Complaint, there is no finding of direct or actual copyright infringement, and, therefore, a claim for "inducement to infringe", which is wholly dependent upon a finding of direct or actual infringement, cannot lie.

## STATEMENT OF FACTS

On May 27, 2008, KBL filed a Complaint against the Arnouts Defendants, seeking contribution and indemnification damages pursuant to New York common law related to two previous actions brought by Betz alleging copyright infringement against KBL.[1] (Fleming Decl.

---

[1]    A copy of the Complaint is attached as Exhibit "A" to the Fleming Decl.

Ex. A, ¶ 1).  Pursuant to the Complaint, on or about February 17, 2006, Betz sought damages

from KBL, a New York-based company in the business of building homes, alleging copyright

infringement in a United States District Court for the Southern District action bearing Civil Case

Number 06-CV-1280.[2]  (Fleming Decl. Ex. A, ¶ 25).  In Civil Case Number 06-CV-1280, Betz

alleges that KBL infringed various copyrights by, among other things, constructing homes that

allegedly infringed upon Betz's copyright in various designs.  (Fleming Decl. Ex. B, ¶¶ 16, 18,

19, 21).    Furthermore, KBL alleges in its Complaint that Betz settled with the Arnouts

Defendants prior to the commencement of Civil Case Number 06-CV-1280 against KBL.

(Fleming Decl. Ex. A., ¶ 26).

Sometime after the commencement of Civil Case Number 06-CV-1280 and before a trial

or judgment, but prior to the institution of this action by KBL, or, apparently, any action by KBL

against the Arnouts Defendants, KBL settled Civil Case Number 06-CV-1280 with Betz in

exchange for the amount of $85,000. (Fleming Decl. Ex. A, ¶ 28).  Thereafter, as a result of

KBL's apparent failure, or inability, to timely remit the settlement payment of $85,000, a

judgment was entered against KBL, not on copyright infringement grounds, but pursuant to the

agreed upon terms of the settlement between KBL and Betz, thereby increasing the ultimate

amount of this settlement to $100,000.  (Fleming Decl. Ex. A, ¶ 28).  The settlement concluded

KBL's involvement related to Betz's allegations set forth in the action bearing Civil Case

Number 06-CV-1280.  There is no allegation in the Complaint that there was ever a trial or

finding of fact that KBL did indeed infringe upon Betz's copyrights resulting from this first

action bearing Civil Case Number 06-CV-1280.

Thereafter, Betz filed a second complaint against KBL and the Arnouts Defendants,

---

[2]    A copy of the Complaint in the action bearing Civil Case Number 06-CV-1280 is
       attached as Exhibit "B" to the Fleming Decl.

alleging infringement of Betz's designs by homes which were previously constructed by KBL. (Fleming Decl. Ex. A, ¶¶ 29-30, 33). This complaint was filed on or about January 24, 2007 in the United States District Court for the Southern District of New York bearing Civil Case Number 07-CV-554.[3] (Fleming Decl. Ex. A, ¶ 30). In Civil Case Number 07-CV-554, Betz alleges that KBL infringed various copyrights by, among other things, constructing homes that allegedly infringed upon Betz's copyright in various designs. (Fleming Decl. Ex. C, ¶¶ 19, 23, 25, 26, 27, 28, 29, 31). KBL subsequently agreed to settle this second action with Betz bearing Civil Case Number 07-CV-554. (Fleming Decl. Ex. A, ¶ 34). Now, almost a full year after the second Betz action was ultimately settled, KBL seeks contribution and indemnification from the Arnouts Defendants pursuant to the New York common law and an amorphous claim purporting to sound in "inducement to infringe."

With respect to damages, KBL alleges in the Complaint that it was forced to pay "significant legal fees" relative to both copyright actions brought by Betz (Fleming Decl. Ex. A, ¶¶ 36, 37), suffered disruption in its business due to time being spent defending the copyright action brought by Betz (Fleming Decl. Ex. A, ¶ 38), and suffered other claimed adverse effects on KBL's real estate and home building business, including, but not limited to the extension of construction loans, alleged inability to sell homes that were built from the alleged Betz plans, additional mortgages, lost profits related to the downturn of the real estate market, and alleged lost home sales allegedly due to the litigation. (Fleming Decl., Ex. A, ¶¶ 40-46). KBL seeks (1) all actual and consequential damages sustained by KBL; (2) all of its legal fees; and (3) all litigation costs. (Fleming Decl. Ex. A, ¶ 49).

---

[3]    A copy of the Complaint in the action bearing Civil Case Number 07-CV-0554 is
       attached as Exhibit "C" to the Fleming Decl.

## ARGUMENT

In reviewing the pleadings on a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court looks only to the four corners of the complaint and evaluates the legal viability of the allegations contained therein. *See* Fed. R. Civ. P. 12(b)(6); *see also Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied,* 503 U.S. 960, 112 S.Ct. 1561 (1992); *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir. 1991); *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir. 1984). A court may not consider any material other than the pleadings in determining a motion under Rule 12(b)(6) unless it converts the motion into a motion for summary judgment under Rule 56. However, material which is submitted as part of the complaint, as well as certain items in the record and public record, may be considered by the court. 2A James Wm. Moore, Moore's Federal Practice, ¶ 12.07[2.-5], at 12-89 (2d ed. 1995); *see also Kopec v. Coughlin,* 922 F.2d 152, 155-56 (2d Cir. 1991); *Fonte v. Bd. of Mgrs of Continental Towers Condo.,* 848 F.2d 24, 25 (2d Cir. 1988).

As the Second Circuit has held, the court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir. 1980). *See also Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 124 (2d Cir. 1991). Moreover, in evaluating whether a complaint will withstand a Rule 12(b)(6) motion, a court must assume the truth of the plaintiff's allegations. *See Albright v. Oliver,* 510 U.S. 266, 268, 114 S.Ct. 807, 810 (1994). A complaint will not be dismissed unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to the relief requested. *See Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 (1957); *see also Hishon v. King &*

*Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984); *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir. 1991); *Greene v. WCI Holdings Corp.,* 956 F.Supp. 509, 514 -515 (S.D.N.Y. 1997).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents attached to the complaint as exhibits or incorporated in it by reference. *See Brass v. American Film Techs., Inc.,* 987 F.2d 142, 150 (2d Cir. 1993) (holding that "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference" and citing to Fed. R. Civ. P. 10(c)). Where a plaintiff does not attach the exhibits to a complaint, but the complaint explicitly references them, such exhibits may be considered on a Rule 12(b)(6) motion. *See Johns v. Town of East Hampton,* 942 F.Supp. 99, 104 (E.D.N.Y. 1996). Furthermore, it is well established that, when a plaintiff fails to introduce a pertinent document as part of his pleading, a defendant may introduce that exhibit as part of his motion attacking the pleading. *See* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure:* Civil 2d § 1327, at 762-63 (2d ed. 1990). Accordingly, the factual allegations of a Complaint, as supplemented by those documents referenced therein, are deemed true for purposes of a motion to dismiss. *See 2 Broadway L.L.C. v. Credit Suisse First Boston Mortg. Capital L.L.C.,* No. 00 Civ. 5773, 2001 WL 410074 (S.D.N.Y. 2001).

## POINT I

### KBL'S COMPLAINT SEEKING INDEMNIFICATION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED WHEREIN KBL WAS SUED FOR ITS OWN WRONGDOING

Initially, there is no allegation that a written contract existed between KBL and the Arnouts Defendants requiring the Arnouts Defendants to indemnify KBL and, as such, no claim for contractual indemnification may lie. More importantly, KBL's claim for common-law

indemnification is not legally cognizable under prevailing New York law wherein KBL was sued for its own acts of wrongdoing.

An action for indemnification can only be maintained where there is a written contract providing for indemnification, or where indemnification is implied under common law, neither of which exists here. The Appellate Division, Second Department has stated:

> Indemnity . . . involves an attempt to shift the entire loss, without regard to his own fault, to another person who should more properly bear responsibility for that loss because he was the actual wrongdoer. The right to indemnification may be created by express contract, but the contract is often one implied by law to prevent an unjust enrichment or an unfair result.
>
> *        *        *
>
> Where one who has committed no actual wrong is held vicariously liable for the wrongdoing of another, he has a right to indemnification from the actual wrongdoer.

*County of Westchester v. Welton Becket Associates*, 102 A.D.2d 34, 478 N.Y.S.2d 305, 314 (N.Y. App. Div. 2d Dep't 1984) (citations omitted); *see also Monaghan v. SZS Associates, L.P.*, 73 F.3d 1276, 1284-85 (2d Cir. 1996); *Overseas Nat'l Airways v. U.S.*, 766 F.2d 97, 102 (2d Cir. 1985); *Gonzalez v. Armac Ind., Ltd.*, 756 F. Supp. 165, 169-70 (S.D.N.Y. 1991); *Trump Village Section 3, Inc. v. New York State Housing Finance Agency*, 307 A.D.2d 891, 896, 764 N.Y.S.2d 17, 22 (N.Y. App. Div. 1st Dep't 2003).

To the extent that KBL's complaint seeks "common law indemnification for all its relative costs, expenses, legal fees, and damages, including, without limitation, judgments, Court costs and legal fees and costs of this action" (Fleming Decl. Ex. A, ¶ 59), the complaint fails to state a cause of action. It is well settled that common-law indemnification is a vehicle permitting

a party sued vicariously for the liability of another to shift its exposure to the actual liable party. Indeed, the predicate for common-law indemnity is <u>liability without fault</u>. *Monaghan v. SZS Associates, L.P.*, 73 F.3d at 1284-85; *Overseas Nat'l*, 766 F.2d at 102; *Gonzalez*, 756 F. Supp. at 169-70; *Trump*, 307 A.D.2d at 895.

Alternatively, to the extent that KBL seeks common-law indemnity from the Arnouts Defendants, it is well-settled that a party that actually contributed to the loss cannot receive common-law indemnification. *Monaghan*, 73 F.3d at 1284-85; *Overseas Nat'l*, 766 F.2d at 102; *Gonzalez*, 756 F. Supp. at 169-70; *Trump*, 307 A.D.2d at 895; *Edge Mgt. Consulting, Inc. v. Blank*, 25 A.D.3d 364, 367, 807 N.Y.S.2d 353, 357 (N.Y. App. Div. 1st Dep't 2006) (party who participates in wrongdoing to some degree cannot obtain common-law indemnification); *See, e.g., Rockefeller University v. Tishman Construction Corp. of New York*, 232 A.D.2d 155, 647 N.Y.S.2d 513 (N.Y. App. Div. 1st Dep't 1996); *Kagan v. Jacobs*, 260 A.D.2d 442, 687 N.Y.S.2d 732, 733 (N.Y. App. Div. 2d Dep't 1999) ("The predicate for common law indemnity is vicarious liability without fault on the part of the proposed indemnitee"); *Lang v. Warner*, 121 A.D.2d 514, 504 N.Y.S.2d 18 (N.Y. App. Div. 2d Dep't 1986) (implied indemnification is not available to an active tortfeasor); *Trustees of Columbia University v. Mitchell/Giurgola Associates*, 109 A.D.2d 449, 492 N.Y.S.2d 371 (N.Y. App. Div. 1st Dep't 1985). Indeed, "[a] party sued solely for its own alleged wrongdoing, rather than on a theory of vicarious liability, cannot assert a claim for common-law or implied indemnification." *Gap, Inc. v. Fisher Dev. Inc.*, 27 A.D.3d 209, 819 N.Y.S.2d 456 (N.Y. App. Div. 1st Dep't 2006).

In this action, Betz sought to hold KBL liable for its own active wrongdoing in connection with its own alleged acts of copyright infringement. (*See* Fleming Decl. Ex. A, ¶ 25). Betz did not seek to hold KBL vicariously liable for the alleged wrongdoing of other parties,

such as the Arnouts Defendants. Accordingly, if KBL did not commit any wrongdoing, then it would not have been liable to Betz, and, if KBL did commit the acts alleged, then it may not receive indemnification from the Arnouts Defendants. However, there was never an actual adjudication in either case that the homes built by KBL actually did infringe upon Betz's design.

It is clear from the face of the current complaint (Fleming Decl. Ex. A) and the underlying Betz actions (Fleming Decl. Exs. B, C) that Betz sought damages for KBL's own affirmative actions or, at the very least, for KBL's participation in the alleged infringing activity. Accordingly, KBL's claim for indemnity fails under prevailing and settled New York law.

**POINT II**

**KBL'S CLAIM FOR CONTRIBUTION FAILS TO STATE A CAUSE OF ACTION ON THE GROUNDS THAT THERE IS NO RIGHT UNDER THE COPYRIGHT STATUTE OR FEDERAL COMMON LAW TO CONTRIBUTION FROM AN ALLEGED CO-INFRINGER AND PURSUANT TO NEW YORK GENERAL OBLIGATIONS LAW SECTION 15-108 WHEREIN KBL SETTLED ITS ACTIONS WITH BETZ FOR WHICH IT NOW SEEKS CONTRIBUTION**

**A.      KBL's Claim For Contribution Fails to State a Cause of Action Because There is No Right Under the Copyright Statute or Federal Common Law to Contribution From an Alleged Co-Infringer**

Generally, this Court has held that a right to contribution by a primary infringer from a co-infringer will not lie under federal law. *See Lehman Bros. Inc. v. Wu*, 294 F.Supp.2d 504, 504-05 (S.D.N.Y. 2003); *Elektra Entertainment Grp. v. Santangelo*, No. 06 Civ. 11520, 2008 WL 461536 at *2 (S.D.N.Y. 2008). The Southern District Court has previously held that "a claim for contribution in [a copyright action will] lie only if: (1) the Copyright Act creates such a right to contribution either explicitly or implicitly, or (2) such a right inheres as a matter of federal common law." *Lehman*, 294 F.Supp.2d at 504-05 (*citing Texas Indus., Inc. v. Radcliffe Materials*, 451 U.S. 630, 638, 101 S.Ct. 2068, 68 L.E.2d 500 (1991)); *see also Elektra*, 2008 WL 461536 at *2.

9

Courts have held that no such right to contribution exists under the Copyright Act or federal common law. *See Lehman*, 294 F.Supp.2d at 505 ("the judicial extension of federal common law to create a right of contribution seems peculiarly inappropriate in the context of federal copyright law, where Congress has otherwise legislated with great particularity as to the liability, damage, remedied and the like."); *Elektra*, 2008 WL 461536 at *2; *see also Pure Country Weavers, Inc. v. Bristar, Inc.*, 410 F.Supp.2d 439, 448 (W.D.N.C. 2006) (dismissing indemnification claim finding that "no right of indemnification was affirmatively created ... in the Copyright Act and that this is not one of the 'limited situations' in which the Court should formulate federal common law to create such a right."). Accordingly, it is clear that there is no inherent right grounded in federal statute or federal common law to the contribution claimed by KBL in this action. Therefore, the claim must be dismissed as a matter of law for failing to state a cause of action.

**B.    KBL's Claim For Contribution Fails to State a Cause of Action Pursuant to New York General Obligations Law Section 15-108**

There has been a single circumstance wherein this Court has recognized the potential existence of a claim for contribution between one alleged co-infringer and another applying New York state law rules to a copyright action for the limited purpose of allowing an impleader of a third-party defendant. *See Too, Inc. v. Kohl's Dep't Stores, Inc.*, 213 F.R.D. 138, 140-142 (S.D.N.Y.) (permitting party to file third-party claim for contribution in copyright action under New York contribution law); *see also New York State Electric & Gas Corp. v. Firstenergy Corp.*, No. 3:03-CV-0438, 2007 WL 1434901 at *6 (N.D.N.Y. 2007) (noting that *Too* found basis for a contribution claim under CPLR section 1401 arising under a federal law).

However, if KBL's contribution claim is pursuant to New York law, as it clearly is not viable under federal law, then it must also be dismissed as KBL settled its underlying claim with

Betz. New York General Obligations Law Section 15-108(c) states that "[a] tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person." NY Gen. Ob. L § 15-108(c) (West 2008). Indeed, it is well-settled that a party that "buys its peace" is prohibited from bringing a claim for contribution against the non-settling parties. *See Overseas Nat'l Airways, Inc. v. U.S.*, 766 F.2d 97, 102 (2d Cir. 1985); *GSI Group, Inc. v. Zim Integrated Shipping Svcs., Ltd.*, No. 06 Civ. 1707, 2008 WL 2403431 at *6 (S.D.N.Y. 2008); *Conrad v. Beck-Turek, Ltd.*, 891 F. Supp. 962, 965-66 (S.D.N.Y. 1995) (settling tortfeasor "buys its peace"); *Gonzalez v. Armac Indus., Ltd.*, 756 F. Supp. 165, 169 (S.D.N.Y. 1991). Indeed, New York General Obligations Law Section 15-108 affords a "quid pro quo: '[t]he settling tortfeasor is relieved from liability to any other persons for contribution but, in exchange is **not entitled** to obtain contribution from any other tortfeasor.'" *Orsini v. Kugel*, 9 F.3d 1042, 1046 (2d Cir. 1993) (emphasis added) (*citing Gonzalez v. Armac Indus., Ltd.*, 81 N.Y.2d 1, 6, 595 N.Y.S.2d 360, 362, 611 N.E.2d 261, 263 (N.Y. 1993); *see also Cover v. Cohen*, 113 A.D.2d 502, 511, 497 N.Y.S.2d 382, 388 (N.Y. App. Div. 2d Dep't 1985). Thus, KBL's claim seeking contribution fails as a matter of law wherein KBL has clearly set forth that it has settled the underlying claims with Betz. Accordingly, KBL's claim for contribution must be dismissed.

## POINT III

### KBL'S CLAIM FOR DAMAGES PREDICATED UPON "INDUCEMENT TO INFRINGE" FAILS TO STATE A CAUSE OF ACTION ON THE GROUNDS THAT THERE IS NO UNDERLYING FINDING OF DIRECT OR ACTUAL INFRINGEMENT

In reality, KBL's claim for "inducement to infringe" is little more than a patent attempt to couch a contribution claim in terminology typically used in copyright actions based upon the nature of the underlying claims in the Betz actions in an effort to overcome the clear lack of merit in KBL's common law claims for indemnification and contribution as described above.

Nevertheless, KBL's amorphous claim for "inducement to infringe" is not cognizable under prevailing law.

It is well settled that "there can be no contributory infringement absent actual [or direct] infringement." *Faulkner v. Nat'l Geographic Enterprises Inc.*, 409 F.3d 26, 40 (2d Cir. 2005) (*citing Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971) (footnote omitted); *see also Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 693, 706 (2d Cir. 1998)); *see also Reinhardt v. Wal-Mart Stores, Inc.*, 547 F.Supp.2d 346, 353 (S.D.N.Y. 2008); *Warner Bros. Entertainment Inc. v. Ideal World Direct*, 516 F.Supp.2d 261, 267-68 (S.D.N.Y. 2007); *see also Oravec v. Sunny Isles Luxury Ventures, L.C.*, 469 F.Supp.2d 1148, 1174 (S.D. Fla. 2006) ("[t]o establish a *prima facie* case of contributory infringement, Oravec must establish: (1) a direct infringement[.]"). Indeed, the existence of a claim for contributory infringement, including a claim for inducement to infringe pursuant to the Copyright Act, requires the <u>fact</u> of a direct infringement. *See Warner Bros.*, 516 F.Supp.2d at 268 (*citing Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518, 526, 92 S.Ct. 1700, 32 L.Ed.2d 273 (1972)); *see also Marvullo v. Gruner & Jahr*, 105 F.Supp.2d 225, 229 (S.D.N.Y. 2000) (citations omitted). Accordingly, as KBL has neither pled a direct or actual infringement and, in fact, is unable to plead such a direct or actual infringement as there were no findings or determination of direct or actual infringement in the underlying Betz actions, KBL's claim based upon "inducement to infringe" cannot lie.

Finally, and no less importantly, KBL's current cause of action has **no support in the Copyright Act**. It is well-settled there is no right to contribution or indemnification by a primary infringer from a co-infringer under the Copyright Act. *See Lehman*, 294 F.Supp.2d at 505; *Elektra*, 2008 WL 461536 at \*2; *see also Pure Country Weavers, Inc. v. Bristar, Inc.*, 410

12

F.Supp.2d 439, 448 (W.D.N.C. 2006) (no right to indemnification under Copyright Act). Nevertheless, this relief is exactly what KBL seeks in this action. Indeed, KBL, as an alleged infringer, now seeks to hold an alleged contributory infringer, *i.e.* the Arnouts Defendants, liable for inducement to infringe, which is merely one form of alleged contributory infringement.[4] As such, the complaint fails to state a cause of action pursuant to the Copyright Act and, therefore, must be dismissed.

## CONCLUSION

For all of the foregoing reasons, the Arnouts Defendants' motion to dismiss should be granted in all respects.

Dated: Woodbury, New York
      July 10, 2008

MILBER MAKRIS PLOUSADIS
  & SEIDEN, LLP

By: _____
     Thomas M. Fleming II (TF2617)
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000

*Attorneys for Defendants*
*Robert A. Arnouts and Arnouts Associates*
*Architects, Inc.*

---

[4]   "[O]ne who, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another, may be liable as a 'contributory infringer'." *Nat'l Geographic*, 409 F.3d at 40.